[Cite as *DeJoseph v. DeJoseph*, 2011-Ohio-3173.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| ANTHONY DeJOSEPH, | ) | |
| | ) | CASE NO.    10 MA 156 |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| - VS - | ) | O P I N I O N |
| | ) | |
| ANASTASIA DeJOSEPH, | ) | |
| | ) | |
| DEFENDANT-APPELLEE. | ) | |


CHARACTER OF PROCEEDINGS:          Civil Appeal from Common Pleas Court, Domestic Relations Division, Case No. 09DR342.


JUDGMENT:          Affirmed.


APPEARANCES:
For Plaintiff-Appellant:          Attorney Robert Rohrbaugh
4800 Market Street, Suite A
Boardman, Ohio  44512


For Defendant-Appellee:          Attorney Matthew Giannini
1040 South Commons Place, Suite 200
Youngstown, Ohio  44514


JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro


Dated:  June 21, 2011

VUKOVICH, J.

¶{1}    Plaintiff-appellant Anthony DeJoseph (Husband) appeals the decision of the Mahoning County Domestic Relations Court that granted defendant-appellee Anastasia DeJoseph's, n.k.a. Anastasia Roussos (Wife), Civ.R. 60(B) motion to vacate the separation agreement solely as it related to the division of the Exxon Mobil pension and awarded Wife 50% interest in Husband's pension with Exxon Mobil from the date of the marriage on June 28, 1969 though the date of the divorce on December 21, 2009.

¶{2}    Husband argues that the trial court abused its discretion in vacating the separation agreement as it pertained to the Exxon Mobil account, which he asserts is not a pension.   He contends that the Wife's arguments to the trial court were conclusory allegations without any evidentiary support and there must be finality to the decision.   Lastly, and alternatively, he contends that the trial court lost its way in awarding Wife 50% of the Exxon Mobil account because it considered stipulations that were altered by the separation agreement and the transcript did not fully support the trial court's position.

¶{3}    Wife counters the above by asserting that a separation agreement must divide all property and, as such, the trial court did not abuse its discretion in granting the motion to vacate.   She then contends that the trial court properly found from reviewing the entire file, which included the stipulations and transcript.

¶{4}    For the following reasons, the judgment of the trial court is affirmed.   The record indicates that the Exxon Mobil pension was considered by the parties to be a pension.   Furthermore, the trial court did not abuse its discretion in vacating the divorce decree as it pertained to the Exxon Mobil pension because all three elements of the *GTE* test were met.   The trial court did not commit any error in awarding Wife 50% of the Exxon Mobil pension.

<u>STATEMENT OF THE CASE</u>

¶{5}    Husband and Wife were married on June 28, 1969.   Husband filed a complaint for divorce on June 26, 2009.   Wife answered and filed a counterclaim seeking a divorce.   Children born of the marriage were emancipated.

**¶{6}** Approximately 20 days prior to trial at a telephone status conference, the parties stipulated to certain facts. In those stipulations it states:

**¶{7}** "Husband has a vested pension with Exxon Mobile and an IRA with Fidelity. A QDRO shall be issued relevant to the two (2) utilizing the dates of coverture as June 28, 1969, through December 21, 2009. Wife to be awarded 50% of coverture portion."

**¶{8}** The magistrate adopted and approved the written stipulations. Neither party filed objections to that decision.

**¶{9}** The case then proceeded to trial before the court. In the middle of trial the parties reached a settlement. (12/28/09 Tr. 2). The trial court granted Husband the divorce and incorporated the parties' separation agreement into its final judgment of divorce. 12/28/09 J.E.

**¶{10}** The separation agreement indicates that the parties agreed Wife would receive no spousal support and the court would not retain jurisdiction over the spousal support order. As to the division of the pension, the separation agreement provided:

**¶{11}** "ARTICLE NINE. PENSIONS:

**¶{12}** "The Plaintiff/Husband has an Investment Account and an IRA with Fidelity in the amount of $3,104,068.38 and $1,581,705.03 Pension, which accrued during coverture. The aforementioned sum of $3,104,068.38 includes all of the proceeds from the recently exercised stock options with Exxon Mobil. All of the stock options with Exxon Mobil have now been exercised. Verification of the exercising of the stock options shall be provided to the Defendant no later than January 30, 2010. A Qualified Domestic Relations Order shall be issued against said Pension and a copy shall be forwarded to the Plan Administrator." 12/28/09 J.E.

**¶{13}** On July 2, 2010, Wife filed a "Motion to Clarify Divorce Entry; Alternatively, Motion to Vacate Judgment Entry of Divorce." Wife alleged that in Article Nine of the separation agreement it was the parties' intent to equally divide the investment account, the IRA, and the Husband's Exxon Oil Pension. Wife admitted that Article Nine is grammatically incorrect because of the absence of proper punctuation. She contended that if the trial court finds that the separation agreement excludes the Exxon Mobil account, then the separation agreement must be vacated on the basis of Civ.R. 60(B)(1), excusable neglect.

¶{14} Husband responded to the motion arguing that Wife failed to demonstrate a meritorious defense or that excusable neglect is present. 08/06/10 Motion. Further, he stated that had the separation agreement included the Exxon Mobil account, he would not have signed the agreement because it was his belief that this property was to remain his exclusively. Thus, he contended that the motion should be denied.

¶{15} A hearing was held on the matter and on September 8, 2010, the trial court determined the action. It denied Wife's motion to clarify the judgment entry, however, it granted her Civ.R. 60(B) motion. It found that a separation agreement, while referencing the Exxon Mobil account, did not award that property to either party. It concluded that a separation agreement must divide all property and that when it fails to divide all property, the decree is voidable and can be vacated under Civ.R. 60(B). Thus, since the motion to vacate was made approximately six months after the divorce decree, the trial court granted the Wife's request for vacation. However, the vacation only extended to the Exxon Mobil pension. The trial court then discussed the parties' intent in the separation agreement, noting that neither party chose to testify at the hearing.[1] Thus, after reviewing the entire record, it found that it was the parties' intent for the separation agreement to divide the Exxon Mobil account equally between the parties.

## ASSIGNMENT OF ERROR

¶{16} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN SUBSTITUTING ITS JUDGMENT FOR THE PARTIES CONTRACTUAL AGREEMENT."

¶{17} The standard of review used to evaluate the trial court's decision to deny or grant a Civ.R. 60(B) motion is abuse of discretion. *Preferred Capital, Inc. v. Rock N Horse, Inc.,* 9th Dist. No. 21703, 2004-Ohio-2122, at ¶9. "Abuse of discretion" connotes more than an error in judgment; it implies that the trial court's judgment is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

---

[1] The transcript of the hearing on the motion to vacate was not made a part of the record before this court.

¶{18} The Ohio Supreme Court set out the controlling test for Civ.R. 60(B) motions in *GTE Automatic Elec., Inc. v. Arc Industries, Inc.* (1976), 47 Ohio St.2d 146. The court stated:

¶{19} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." Id. at paragraph two of the syllabus.

¶{20} The grounds for relief under the second *GTE* element are:

¶{21} "(1) [M]istake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment." Civ.R. 60(B).

¶{22} The trial court referenced Civ.R. 60(B)(5) when it granted the motion to vacate. It provided the following reasoning to support its decision:

¶{23} "The Court finds that R.C. 3105.171(B) is specific that in a divorce proceeding, the Court shall determine what constitutes marital property and upon making such a determination, shall divide the marital property equitably between the spouses. Likewise, R.C. 3105.63 proves that separation agreements shall provide a division of all property. These statutes are mandatory." 09/08/10 J.E.

¶{24} The court then stated the division of the pension is material to the parties' ultimate agreement, in which the Wife agreed to no spousal support and agreed that the trial court would not retain jurisdiction over that issue. Thus, it found a meritorious claim.

¶{25} We do not find that the trial court abused its discretion in reaching the determination Civ.R. 60(B)(5) was met. R.C. 3105.171(B) states:

**¶{26}** "In divorce proceedings, the court shall, and in legal separation proceedings upon the request of either spouse, the court may, determine what constitutes marital property and what constitutes separate property. In either case, upon making such a determination, the court shall divide the marital and separate property equitably between the spouses, in accordance with this section."

**¶{27}** Neither the separation agreement nor the divorce decree indicates whether this account is separate or marital property. Admittedly, Husband's name is the only name on the account. However, that does not mean it is his separate property. R.C. 3105.171(A)(3)(a) defines "Marital property" as:

**¶{28}** "(i) All real and personal property that currently is owned by either or both of the spouses, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage;

**¶{29}** "(ii) All interest that either or both of the spouses currently has in any real or personal property, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage;

**¶{30}** "(iii) Except as otherwise provided in this section, all income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage."

**¶{31}** Thus, the Exxon Mobil account could still constitute marital property under these definitions.

**¶{32}** Furthermore, as the trial court correctly noted, the separation agreement does not state that either the Wife or Husband is awarded any portion of the Exxon Mobil account. That account is worth over three million dollars and consequently, is material to the parties' separation agreement. Thus, the requirements in R.C. 3105.171(B) were not met. The trial court's decision to vacate the divorce decree as it pertains to the Exxon Mobil account is warranted.

**¶{33}** Likewise, its decision that there is a meritorious defense is also sound. Husband argues that although the parties agreed to split his pension, that agreement did not include the Exxon Mobil account because it is not a pension. Instead, it is a supplemental annuity funded by his employer at the time he retired. We find no merit with that position. The account is listed under the pension section of the separation agreement. Furthermore, the parties' stipulations clearly label the Exxon Mobil account as a pension.

**¶{34}** Husband did not file objections to the magistrate's adoption of those stipulations. Consequently, pursuant to Civ.R. 53, if the stipulations were not withdrawn, he waives all but plain error. "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson,* 79 Ohio St.3d 116, 1997–Ohio–401, syllabus.

**¶{35}** A stipulation is a voluntary agreement between opposing counsel concerning the disposition of some relevant point to avoid the necessity for proof of an issue. *Julian v. Creekside Health Center*, 7th Dist. No. 03MA21, 2004-Ohio-3197, ¶54. Once entered into by the parties, filed with and accepted by the court, a stipulation is binding upon the parties and is a fact deemed adjudicated for purposes of determining the remaining issues in the case. Id. A party who has agreed to a stipulation cannot unilaterally retract or withdraw from it. Id. A party can only withdraw from a stipulation with the consent of the other party or by leave of court upon good cause. Id.

**¶{36}** In this case, neither party filed a motion to set aside the stipulations. There is no court order indicating that the stipulations were withdrawn. Admittedly the language of the separation agreement does not track the language in the stipulations. However, the two documents are very similar. As such, we cannot find, based on the record before us, that the separation agreement was a mutual withdrawal of the stipulations. Therefore, Husband has waived all but plain error. Under that standard we will not reverse the trial court's determination that the Exxon Mobil account is a pension.

**¶{37}** Moreover, that stipulation and the failure to object to it or withdraw it, taken in conjunction with the fact that Wife agreed to no spousal support and for the trial court to **not** retain jurisdiction over spousal support, provides a meritorious defense. The stipulation and agreement as to no spousal support indicate that it was the parties' intention for Wife to be awarded 50% of the coverture portion of the pension.

**¶{38}** As to the third *GTE* element, we also do not find the trial court's position to be unreasonable. Here, the motion to vacate was filed a little over six months after the divorce decree was issued. The motion was filed shortly after the Qualified

Domestic Relations Order was issued that did not divide the Exxon Mobil pension. This is not a situation where it was filed years later. Thus, the motion was filed within a reasonable time and within one year. Consequently, we find no abuse of discretion in the trial court's decision to vacate the divorce decree as it pertains to the Exxon Mobil pension.

**¶{39}** Having concluded that the order was properly vacated, we now turn our attention to whether the trial court was incorrect in its determination that it was the parties' intent to have the separation agreement award Wife 50% of the Exxon Mobil pension. The trial court reached this conclusion based on three sources in the record.

**¶{40}** The first is the December 2, 2009 stipulations. As aforementioned in those stipulations, the parties agreed that the Exxon Mobil account was a pension and that 50% of the coverture portion would be awarded to Wife.

**¶{41}** The trial court's reliance on the stipulation was not incorrect. As we have previously indicated given the record before us, we do not find that the stipulation was withdrawn or that the separation agreement was a mutual withdrawal of the stipulation.

**¶{42}** The stipulation provides some of the strongest evidence that it was the parties' intent for Wife to be awarded half of the pension. As indicated earlier, Husband did not object to the stipulation. Thus, he cannot now successfully argue that it was not his intent for Wife to have 50% of the pension.

**¶{43}** The second portion of the record the trial court relied on was the transcript from the divorce hearing. The trial court found that at that hearing Wife indicated that she was not seeking spousal support or for the court to retain jurisdiction over that issue because she was going to receive one half of Husband's pension. Despite Husband's contention that this transcript is not clear on that issue, we disagree. The transcript does show that Wife agreed to receive no spousal support and for the court to not retain continuing jurisdiction because she would receive half of Husband's pension. 12/28/09 Tr. 4-7. As explained above, although Husband claims the Exxon Mobil account is not pension, it was included in the pension portion of the separation agreement and labeled as a pension in the stipulations. Thus, it is logical to conclude that when Wife is discussing the pension, she is discussing the Exxon Mobil account.

**¶{44}** The third and final support the trial court used for its conclusion that the Exxon Mobil account was intended to be divided equally is the judgment entry of

divorce in the separation agreement that included the court's standard language for dividing pensions and IRA's. It explained the IRA with Fideltiy would be governed by the IRA languge in the judgment entry, while the Exxon Mobil pension would be governed by the pension languge in the judgment entry. It then noted that if the parties did not intend to divide the pension then there would be no reason for that language to be in the agreement. 09/08/10 J.E. The trial court's reasoning here is also logical.

¶{45} Considering all the above reasoning, we cannot find that the trial court erred in reaching its determination that it was the parties' intent to divide the Exxon Mobil pension equally.

¶{46} In conclusion, the sole assignment of error is meritless. The trial court did not abuse its discretion in vacating the divorce decree as it pertained to the Exxon Mobil pension. Furthermore, the court did not err in awarding half of the pension to the Wife.

¶{47} For the foregoing reasons, the judgment of the trial court is hereby affirmed.

Waite, P.J., concurs.
DeGenaro, J., concurs.