[Cite as *State v. Morgan*, 2018-Ohio-1834.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 105682

---

## STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

## CHRISTIAN N. MORGAN

### DEFENDANT-APPELLANT

---

## JUDGMENT:
### AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-608584-A

**BEFORE:** Keough, J., McCormack, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** May 10, 2018

**ATTORNEY FOR APPELLANT**

Victoria Bader
Assistant State Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By: Scott C. Zarzycki
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, Christian Morgan, appeals his sentence following a guilty plea. For the reasons that follow, we affirm.

{¶2} In March 2016, Morgan, age 17, was charged in a juvenile court complaint, which alleged that he committed two second-degree felony offenses of felonious assault, if committed as an adult. It was alleged that during an altercation at a laser tag facility, Morgan assaulted the victim who suffered severe and serious physical harm. Following a hearing, the juvenile court found Morgan not amenable to juvenile court treatment and transferred the case to the general division of the common pleas court.

{¶3} In August 2016, Morgan was indicted for one count of felonious assault in violation of R.C. 2903.11(A)(1); he subsequently pleaded guilty to attempted felonious assault. At sentencing, the trial court considered a presentence investigation report, the victim's impact statement, and mitigation statements by Morgan and his attorney. The court sentenced Morgan to three years in prison and ordered the stipulated restitution amount of $7,670.93.

{¶4} Morgan was granted leave to file a delayed appeal, and he now raises three assignments of error, which will be addressed together where appropriate.

I. Restitution

{¶5} In his first assignment of error, Morgan contends that the trial court erred when it imposed a financial sanction without considering his present and future ability to pay the sanction, in violation of R.C. 2929.19(B)(5). He claims in his third assignment

of error that he was denied effective assistance of trial counsel because his attorney failed to object when the financial sanction was imposed without any consideration of present and future ability to pay.

{¶6} R.C. 2929.18(A)(1) permits a trial court, as part of a sentence, to order restitution to the victim of the offender's crime in an amount based on the victim's economic loss. Before imposing a financial sanction, the trial court must consider "the offender's present and future ability to pay the amount of the sanction or fine." R.C. 2929.19(B)(5).

{¶7} However, the statute does not require the trial court to consider any specific factors in making this determination, and it does not require the trial court to expressly state that it considered a defendant's ability to pay. *State v. Aniton*, 8th Dist. Cuyahoga No. 102440, 2015-Ohio-4080, ¶ 19, citing *State v. Tate*, 2d Dist. Montgomery No. 25386, 2013-Ohio-5167, ¶ 52.

> "The record should, however, contain 'evidence that the trial court considered the offender's present and future ability to pay before imposing the sanction of restitution.' The trial court may comply with this obligation 'by considering a presentence-investigation report, which includes information about the defendant's age, health, education, and work history.' 'The court's consideration * * * may be inferred from the record under appropriate circumstances.'"

(Citations omitted.) *Aniton* at *id*., quoting *Tate* at *id*.

{¶8} In this case, the record demonstrates that the trial court considered Morgan's present and future ability to pay the restitution order. Although the trial court did not specifically state on the record the exact words that it had considered Morgan's present

and future ability to pay restitution, the court had the benefit of a presentence investigation report, which included Morgan's age and employment history. Absent any evidence to the contrary, we can infer that the trial court considered Morgan's ability to pay because the relevant information was contained in the presentence report. *See Tate* at ¶ 52-54 (although trial court did not state it reviewed the presentence report, absent any evidence to the contrary, the court's consideration may be inferred from the record). Additionally, defense counsel referenced the presentence investigation report during mitigation and highlighted Morgan's employment as a justification for the imposition of community control sanctions.

{¶9} Moreover, Morgan stipulated to the restitution order at sentencing. (Tr. 16.) When the parties stipulate to the amount of restitution, this "serve[s] as a sufficient basis to support the trial court's order and precludes defendant from complaining about it now on appeal." *State v. Hody*, 8th Dist. Cuyahoga No. 94328, 2010-Ohio-6020, ¶ 25, citing *State v. Sancho*, 8th Dist. Cuyahoga No. 91903, 2009-Ohio-5478. Accordingly, we find no error by the trial court.

{¶10} We also find that Morgan was not deprived of effective assistance of counsel by counsel failing to object to the restitution order. To establish ineffective assistance of counsel, a defendant must demonstrate that (1) counsel's performance fell below an objective standard of reasonable representation and (2) he was prejudiced by that performance. *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Prejudice is established when the defendant demonstrates "a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

{¶11} The failure to prove either prong of the *Strickland* two-part test makes it unnecessary for a court to consider the other prong. *State v. Madrigal*, 87 Ohio St.3d 378, 388-389, 721 N.E.2d 52 (2000), citing *Strickland* at 697. Finding that the record demonstrates that the trial court considered Morgan's present and future ability to pay and Morgan stipulated to the restitution amount, we cannot say that Morgan was prejudiced by his counsel's failure to object. Moreover, he makes no argument on appeal that his counsel's stipulation regarding restitution was in error or made without his consent.

{¶12} Accordingly, Morgan's first and third assignments of error are overruled.

## II. Sentence

{¶13} Morgan contends in his second assignment of error that the trial court erred when it sentenced him to three years in prison for attempted felonious assault because the sentence is not supported by the record, in violation of R.C. 2953.08(G). Specifically, he claims that the trial court failed to consider mitigating factors, including his age, genuine remorse, and no prior ODYS commitment, before imposing the maximum prison sentence for a third-degree felony.

{¶14} Appellate review of felony sentences is governed by R.C. 2953.08, which provides that when reviewing felony sentences, this court may increase, reduce, modify a sentence, or vacate and remand for resentencing if we clearly and convincingly find that

the record does not support the sentencing court's statutory findings, if applicable, or the sentence is contrary to law. R.C. 2953.08(G)(2); *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 123, ¶ 22. A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *State v. Maddox*, 8th Dist. Cuyahoga No. 105140, 2017-Ohio-8061, ¶ 31, citing *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907.

{¶15} In this case, a three-year prison sentence falls within the statutory range for a third-degree felony. Additionally, the trial court found, although no longer required to do so before imposing the maximum sentence, that Morgan committed the worst form of the offense. (Tr. 27.) Finally, the trial court stated in its sentencing journal entry that it considered the required statutory factors and "that prison is consistent with the purpose of R.C. 2929.11." This is sufficient to satisfy the court's obligation under R.C. 2953.08. *State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112, ¶ 9. Accordingly, Morgan's prison sentence is not contrary to law.

{¶16} Although Morgan contends that his young age, no prior commitments to ODYS, and genuine remorse were sufficient mitigating factors to either impose community control sanctions or a lesser prison term, Morgan's three-year prison sentence is supported by the record. The trial court found that Morgan committed the worst form of the offense after the victim explained to the court how he was traumatically affected,

both physically and emotionally. The record includes photographs and the victim's medical records demonstrating the extent of his injuries, including a broken nose, concussion, loss of his two front teeth, and broken facial bones. Additionally, the record reflects the trial court's consideration of protecting the public when it agreed with the victim's statement that "his worst fear is that it ends up happening to someone else." (Tr. 24-25.) Finally, although Morgan had no prior commitments to ODYS, the record reflects that this case was not his first criminal offense, and subsequent to the instant case, another delinquency complaint involving a stolen vehicle was filed against him.

{¶17} Accordingly, Morgan's sentence is within the statutory range and the record reflects that the trial court considered the purposes and principles of felony sentencing set forth in R.C. 2929.11 and 2929.12. Furthermore, under our review of the facts and circumstances of the case, we find that the record supports the sentence. Morgan's second assignment of error is overruled.

{¶18} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

TIM McCORMACK, P.J., and
LARRY A. JONES, SR., J., CONCUR