[Cite as *State v. Townsend*, 2023-Ohio-1968.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                               No. 111548

    v.                           :

JOSHUA TOWNSEND,                        :

    Defendant-Appellant.         :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 15, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-19-646155-A and CR-20-649095-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and John Kirkland, Assistant Prosecuting Attorney, *for appellee.*

Scott J. Friedman, *for appellant.*

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant Joshua Townsend ("Townsend") appeals the portion of his criminal sentence that requires him to pay $5,000 in restitution. For the reasons that follow, we affirm the decision of the trial court.

**Factual and Procedural History**

{¶ 2} Townsend had two cases that were separately bound over to the general division from the juvenile division of the common pleas court. On December 3, 2019, Townsend was indicted in Cuyahoga C.P. No. CR-19-646155 for aggravated murder (Count 1); two counts of murder (Counts 2 and 3); aggravated robbery (Count 4); felonious assault (Count 5); discharge of a firearm on or near prohibited premises (Count 6); and two counts of improper discharging into habitation (Counts 7 and 8). Each count included one- and three-year firearm specifications. ("Case 1").

{¶ 3} Next, Townsend was indicted in Cuyahoga C.P. No. CR-20-649095 on March 3, 2020, for aggravated robbery (Count 1); robbery (Count 2); abduction (Count 3); grand theft (Count 4); two counts of theft (Counts 5 and 6); and obstructing official business (Count 7). Counts 1 through 5 included one- and three-year firearm specifications. ("Case 2").

{¶ 4} On April 19, 2022, Townsend entered into a negotiated plea agreement to encompass both cases. In Case 2, Townsend pleaded guilty to Count 2, robbery a felony of the second degree and Count 7, obstructing official business a misdemeanor of the second degree. The state dismissed the remaining charges in Case 2.

{¶ 5} In Case 1, the defense filed a motion to dismiss Counts 1 and 4 based on *State v. Smith*, 167 Ohio St.3d 423, 2022-Ohio-274, 194 N.E.3d 297, because the juvenile court found there was no probable cause for those counts. The state agreed

that dismissal was proper and moved to dismiss Counts 1 and 4. The court granted the motion.

{¶ 6} Townsend pleaded guilty to Count 2 as amended to involuntary manslaughter, a felony of the third degree, and to the associated three-year firearm specification. The state moved to dismiss the remaining charges in Case 1.

{¶ 7} The parties recommended a sentence of six years globally across the two cases and stipulated that Townsend was not amenable to the juvenile system, preventing a reverse bindover. The parties also agreed to proceed to sentencing immediately after the plea. Finally, the parties noted that both cases occurred prior to the enactment of the indefinite sentencing provisions created by 2018 Am.Sub. S.B. 201, the Reagan Tokes Law, so it would not apply. After speaking directly with Townsend and accepting his guilty pleas, the court proceeded with sentencing.

{¶ 8} Bengolia Powell ("Ms. Powell"), the mother of the decedent in Case 1, Justin Powell, spoke at sentencing. Ms. Powell expressed disappointment in the plea agreement and the suggested sentence of six years. She felt the time was insufficient. Her son was deceased, but Townsend would be released while still in his 20s. She exhorted the court to ignore the recommended plea and sentence him to a longer term and order him to pay fines and penalties. She also asked the court to order Townsend to reimburse her for her son's funeral expenses. When asked, Ms. Powell testified the funeral expenses were $5,000.

{¶ 9} The trial court asked Townsend's attorney whether he had any objection to an order of restitution in the amount of funeral expenses incurred.

Townsend's attorney asked for a moment to discuss the issue with his client. After that discussion, Townsend's attorney stated his client would stipulate to restitution.

{¶ 10} The court sentenced Townsend that day, however, inadvertently issuing a ten-year sentence when it was the court's intent to issue a seven-year sentence. Prior to entering the sentencing entry, the court reconvened the case for sentencing on April 25, 2022. The court noted the error and sentenced Townsend as follows. In Case 1, the court issued a sentence of three years on the firearm specification to be served consecutively to 36 months on the involuntary manslaughter charge. In Case 2, the court issued a sentence of four years on the robbery charge and 90 days on the obstruction of official business charge. The court ordered the four-year sentence in Case 2 to run consecutively to the three-year firearm specification in Case 1 for an aggregate term of seven years.

{¶ 11} Townsend now appeals assigning the following errors for our review.

## Assignment of Error No. 1

The trial court erred when it ordered the Appellant to pay $5,000 in restitution.

## Assignment of Error No. 2

The defendant was denied the effective assistance of counsel, in derogation of his rights under the Sixth Amendment to the United States Constitution, and Article I, Section 10 of the Ohio Constitution.

{¶ 12} Townsend alleges that the trial court committed plain error when it ordered restitution in an amount that was not supported by any evidence and that trial counsel provided ineffective assistance of counsel by failing to object to the order of restitution.

**Law and Analysis**

{¶ 13} We review an order of restitution under the abuse of discretion standard. *State v. McLaurin*, 8th Dist. Cuyahoga No. 103068, 2016-Ohio-933, ¶ 8, citing *State v. Marbury*, 104 Ohio App.3d 179, 661 N.E.2d 271 (8th Dist.1995). "An abuse of discretion implies that the trial court's attitude is unreasonable, arbitrary or unconscionable." *McLaurin* at ¶ 8, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 14} In the first assignment of error, Townsend argues that the trial court committed plain error in ordering restitution because the amount ordered was not supported by competent and credible evidence. Additionally, he argues that the trial court plainly erred because it did not determine his present and future ability to pay restitution.

{¶ 15} Preliminarily, we note that Townsend stipulated to the amount of restitution. By definition, a stipulation is "a voluntary agreement entered into between opposing parties concerning the disposition of some relevant point in order to avoid the necessity for proof on an issue." *Wilson v. Harvey,* 164 Ohio App.3d 278, 2005-Ohio-5722, 842 N.E.2d 83, ¶ 12 (8th Dist.). By stipulating to restitution, Townsend agreed to pay Ms. Powel $5,000 for funeral expenses, effectively removing the issue from litigation and rendering proof unnecessary. *Bodrock v. Bodrock*, 8th Dist. Cuyahoga No. 104177, 2016-Ohio-5852, ¶ 19. "Once entered into by the parties and accepted by the court, a stipulation is binding upon the parties as 'a fact deemed adjudicated for purposes of determining the remaining issues in the

case.'" *Bodrock* at ¶ 19, quoting *Dejoseph v. Dejoseph*, 7th Dist. Mahoning No. 10 MA 156, 2011-Ohio-3173, ¶ 35.

**{¶ 16}** When parties stipulate, they waive any error that may occur with respect to the fact that the trial court decided the issue without hearing evidence presented by the parties. *Bodrock* at ¶ 19, citing *Rice v. Rice*, 8th Dist. Cuyahoga No. 78682, 2001 Ohio App. LEXIS 4983, 11 (Nov. 8, 2001). It would be fundamentally unfair for a party to stipulate to restitution and then claim on appeal that the order of restitution was not supported by competent and credible evidence. *See Tisci v. Smith*, 3d Dist. Hancock No. 5-15-30, 2016-Ohio-635, ¶ 25, citing *Havens v. Havens*, 10th Dist. Franklin No. 11AP-708, 2012-Ohio-2867, ¶ 22.

**{¶ 17}** Townsend's stipulation to restitution waived the alleged errors. Accordingly, his first assignment of error is overruled.

**{¶ 18}** In his second assignment of error, Townsend argues that he received ineffective assistance of counsel when his lawyer failed to object to the order of restitution.

**{¶ 19}** Ineffective assistance of counsel is established when a defendant demonstrates that "(1) counsel's performance fell below an objective standard of reasonable representation and (2) he was prejudiced by that performance." *Morgan*, 2018-Ohio-1834, at ¶ 10, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Courts considering whether an attorney's performance fell below an objective standard of reasonableness, "must indulge a strong presumption that counsel's conduct falls within the wide range of

reasonable professional assistance." *Strickland* at 689. A defendant establishes prejudice by showing that "there exists a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." *State v. Davis*, 159 Ohio St.3d 31, 2020-Ohio-309, 146 N.E.3d 560, ¶ 10.

{¶ 20} A party must establish both prongs of the test. Failure to prove one prong makes consideration of the other prong unnecessary. *Morgan* at ¶ 11. Here, Townsend has failed to establish that his attorney's performance was unreasonable. Townsend argues that his trial counsel should have objected to the amount of $5,000 because it was not substantiated by the record. Townsend had an opportunity to dispute the amount of restitution but did not do so. R.C. 2929.18 only requires a hearing "if the offender * * * disputes the amount." Furthermore, Townsend does not argue that his counsel agreed to stipulate to restitution against his wishes or by mistake.

{¶ 21} Townsend's argument suggests it would have been prudent for his lawyer to require Ms. Powell to prove the amount of restitution. Nevertheless, the record reflects that Townsend agreed to pay the restitution after consultation with his lawyer. It would be counterintuitive for this court to find that Townsend's lawyer provided ineffective assistance by consulting with his client and abiding by his wishes at the time. We cannot find that Townsend received ineffective assistance of counsel on these facts.

{¶ 22} Accordingly, the second assignment of error is overruled.

{¶ 23} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

MICHELLE J. SHEEHAN, P.J., and
MARY J. BOYLE, J., CONCUR