[Cite as *State v. Wright*, 2024-Ohio-5907.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                      No. 113302

    v.                              :

CHARLES O. WRIGHT, JR.,                 :

    Defendant-Appellant.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 19, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-676346-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kristin M. Karkutt, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Michael V. Wilhelm, Assistant Public Defender, *for appellant.*

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant, Charles Wright, Jr. ("Wright"), appeals his conviction for aggravated murder and 25 additional felonies. For the reasons that follow, we affirm.

## Procedural History

{¶ 2} On December 1, 2022, Wright was indicted on 26 counts, including aggravated murder for the death of Michael Dunn after a shooting in a convenience store in the City of Cleveland. In addition to Dunn, eight other people were inside the store, including Hani and Abdallah Mohammad, store employees; Joshua Joyner and Risha Carroll, both of whom sustained gunshot wounds; and four unidentified people who fled the scene before police arrived. Wright was charged with attempted murder and felonious assault for each surviving victim. Each count carried one- and three-year firearm specifications, a notice of prior conviction, and repeat violent offender specifications. Finally, Wright was charged with two counts of having weapons while under disability and one count of discharge of a firearm on or near prohibited premises.

{¶ 3} The jury trial commenced on September 19, 2023. Wright elected to try the having weapons while under disability counts to the bench. After the presentation of evidence, the State moved to dismiss Counts 12 and 13, the charges of attempted murder and felonious assault towards Abdallah Mohammad. Wright was found guilty of all the remaining charges. After the dismissal of Counts 12 and 13, the remaining counts were renumbered. The trial court filed its initial sentencing entry on September 23, 2023, utilizing the original counts in the indictment. On October 18, 2023, the trial court filed a nunc pro tunc entry with a correction. The trial court sentenced Wright to an aggregate sentence of life in prison with the possibility of parole after 36 years.

**{¶ 4}** Wright appeals and assigns the following errors for our review:

## Assignment of Error No. 1

The evidence does not show that Mr. Wright was the shooter beyond a reasonable doubt and his conviction is against the manifest weight of the evidence.

## Assignment of Error No. 2

Counsel was ineffective for failing to object to the introduction of highly prejudicial, barely probative, photographs and testimony.

**{¶ 5}** In his first assignment of error, Wright argues that his conviction was against the manifest weight of the evidence. Wright alleges that there was reasonable doubt as to the identity of the shooter despite the fact that two witnesses identified him to the police and in open court.

**{¶ 6}** "[W]eight of the evidence involves the inclination of the greater amount of credible evidence"; i.e., "the evidence's effect of inducing belief." *State v. Wilson*, 2007-Ohio-2202, ¶ 25, citing *State v. Thompkins*, 78 Ohio St.3d 380 (1997). A court of appeals must consider all the evidence in the record, the reasonable inferences, and the credibility of the witnesses to determine "'whether in resolving conflicts in the evidence, the factfinder clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Harris*, 2021-Ohio-856, ¶ 32 (8th Dist.), citing *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172 (1st Dist. 1983).

**{¶ 7}** Of the four known surviving witnesses to the shooting, only Abdallah and Hani Mohammad testified. The convenience store where the incident happened was one of their families' businesses, and both helped at that store and other

locations when needed. They both testified that they had several regular customers in the store. Wright was one of those regular customers, though both only knew him as Chico. On the date of the incident, Wright and Joyner got into an argument and the Mohammads each asked them to leave the store. Wright left, but Joyner stayed. Shortly after that, Wright came back and began shooting. Hani testified that he immediately hid when the shooting began; he identified Wright from the store video. Hani acknowledged that he could not see a gun in Wright's hand from the video but he was sure Wright was the shooter. Abdallah testified that he immediately grabbed the gun that was stored under the counter and stood behind the plexiglass-protected counter as events unfolded. He also identified Wright as the shooter and testified that Wright came into the store, apparently looking for Joyner, who managed to escape.

{¶ 8} Wright argues that because Abdallah had a gun, and it appeared from the video that Joyner had a gun, the police did not do a thorough investigation and, therefore, could not rule out the possibility that someone other than Wright was the source of some of the shots fired that day.

{¶ 9} Notably, Abdallah was standing behind the counter, which had a plexiglass cover. There was no evidence that Abdallah left the enclosure nor that he fired his gun through the plexiglass. Similarly, although the video showed Joyner lifting his shirt to show his waistband at one point, no one testified that they saw a gun nor was a gun observed on the video. Ultimately, the crime scene unit collected nine shell casings outside of the store near the area where the shooter was observed.

{¶ 10} Wright also suggests that Abdallah's testimony lacked credibility where he claimed he stood behind the plexiglass watching and never ducked or hid. However, Abdallah testified that they had been robbed before, that all their stores had guns under the counter, and that he felt he needed to protect his 19-year-old nephew, Hani. Based on the foregoing, we cannot say that the jury lost its way or created a manifest miscarriage of justice. The weight of the evidence established that Wright was the shooter.

{¶ 11} Accordingly, the first assignment of error is overruled.

{¶ 12} In the second assignment of error, Wright claims he received ineffective assistance of counsel when his lawyer failed to object to photos of Dunn's body and certain testimony.

{¶ 13} A defendant demonstrates ineffective assistance of counsel by showing that "(1) counsel's performance fell below an objective standard of reasonable representation and (2) he was prejudiced by that performance." *State v. Morgan*, 2018-Ohio-1834, ¶ 10 (8th Dist.), citing *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). In considering whether an attorney's performance fell below an objective standard of reasonableness, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland* at 689. Prejudice is established by showing that "there exists a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." *State v. Davis*, 2020-Ohio-309, ¶ 10.

{¶ 14} Preliminarily, although Wright complains of both exhibits and testimony, he has failed to cite the record reflecting the objectionable testimony or exhibits.[1] Accordingly, we will not consider challenged testimony that was not cited. With respect to pictures, Wright's argument is that their admission violated Evid.R. 403 because they were cumulative, prejudiced the jury, and their probative value was outweighed by their prejudicial effect.

{¶ 15} Ordinarily, an attorney's failure to object, by itself, does not rise to the level of ineffective assistance of counsel. *State v. Carter*, 2018-Ohio-2238, ¶ 46 (8th Dist.), quoting *State v. Jackson*, 2006-Ohio-174, ¶ 88 (8th Dist.). It could be a strategic decision on the part of the lawyer who understands that an objection can disrupt the flow of trial and may have a negative impact on the trier of fact and how the trier of fact sees the lawyer raising the objection. *See Carter* at *id.*

{¶ 16} Of the multiple pictures offered, Wright argues that the jury was "tainted by emotion" by seeing "horrifying depictions of corpses" and, therefore, Wright was prejudiced by their admission. Although those images are gruesome and would disturb anyone, Wright must establish that the introduction of evidence so prejudiced the jury that the outcome of the trial would have been different if his counsel had successfully objected to the evidence and had it excluded. Wright has failed to meet this burden. Even if the pictures had been excluded there were still

---

[1] Wright does cite to a conversation about the admission of evidence; however, the conversation is regarding the admission of jail calls between Wright and his brother, not the pictures or exhibits he challenges.

two eyewitnesses who identified him as the shooter and video evidence that placed Wright at the scene.

{¶ 17} Accordingly, Wright's second assignment of error is overruled.

{¶ 18} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

EILEEN A. GALLAGHER, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR