[Cite as *State v. Hamilton*, 2016-Ohio-1376.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 102870

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## BRAD O. HAMILTON, JR.

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-14-587008-A, CR-14-588246-A, CR-14-588508-A,
CR-14-588509-A, CR-14-588510-A, and CR-14-588512-A

**BEFORE:** Boyle, J., Kilbane, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** March 31, 2016

**ATTORNEY FOR APPELLANT**

Aaron T. Baker
38109 Euclid Avenue
Willoughby, Ohio   44094


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Mollie Ann Murphy
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, J.:

{¶1} Defendant-appellant, Brad O. Hamilton, Jr., appeals his sentence. He raises one assignment of error for our review:

> The trial court erred by sentencing appellant to a term of eleven years in prison where its findings were not supported by the record and the trial court failed to give careful and substantial deliberation to the relevant statutory considerations.

{¶2} Finding no merit to his argument, we affirm the judgment of the trial court.

## I. Procedural History and Factual Background

{¶3} Hamilton was originally charged in juvenile court with several counts of burglary and attempted murder. The juvenile court, however, transferred Hamilton to adult court on a mandatory bindover after determining there was probable cause to charge Hamilton with attempted murder.

{¶4} The Cuyahoga County Grand Jury indicted Hamilton in six separate cases in July and August 2014. In Cuyahoga C.P. No. CR-14-587008-A, Hamilton was indicted on eight counts, including two counts of attempted murder, two counts of felonious assault, one count of discharging a firearm on or near prohibited places, and three counts of aggravated rioting for events that occurred in March 2014. All counts contained one- and three-year firearm specifications.

{¶5} In the remaining five cases, Cuyahoga C.P. Nos. CR-14-588246-A, CR-14-588508-A, CR-14-588509-A, CR-14-588510-A, and CR-14-588512-A, the state alleged that Hamilton broke into five houses from March 2013 to October 2013, and stole

items from the homes. In each case, Hamilton was indicted on one count of burglary and one count of theft (as well as grand theft in one of the cases).

{¶6} In February 2015, Hamilton entered into a plea agreement with the state on an amended indictment in all six cases. In Case Nos. CR-14-588246-A, CR-14-588508-A, CR-14-588509-A, CR-14-588510-A, and CR-14-588512-A, Hamilton pleaded guilty to burglary in each case in violation of R.C. 2911.12(A)(2), all felonies of the second degree.

{¶7} In Case No. CR-14-587008-A, Hamilton pleaded guilty to one count of felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree, with a one-year firearm specification. Hamilton also pleaded guilty to one count of discharging a firearm on or near prohibited places in violation of R.C. 2923.162(A)(3), a first-degree felony, and one count of aggravated rioting in violation of R.C. 2917.02(A)(2), a fourth-degree felony.

{¶8} The trial court sentenced Hamilton on all six cases at the same sentencing hearing. In Case No. CR-14-588246-A, the trial court sentenced Hamilton to three years in prison. In Case No. CR-14-588508-A, the trial court sentenced Hamilton to five years in prison. In Case No. CR-14-588509-A, the trial court sentenced Hamilton to two years in prison. In Case No. 14-588510-A, the trial court sentenced Hamilton to four years in prison. And in Case No. CR-14-588512-A, the trial court sentenced Hamilton to six years in prison. The trial court ordered that the sentences in these five cases be served concurrent to each other.

**{¶9}** In Case No. CR-14-587008-A, the trial court sentenced Hamilton to an aggregate of five years in prison: one year for the firearm specification to be served prior to and consecutive to four years for felonious assault; five years for discharging the firearm on or near prohibited places; and 18 months for aggravated rioting, all to be served concurrent to each other.

**{¶10}** The trial court then reviewed the factors and made findings under R.C. 2929.14(C)(4), and ordered that the six years in the five burglary cases be served consecutive to the five years in Case No. CR-14-587008-A, for a total of 11 years in prison (Hamilton does not challenge the consecutive nature of his sentence). It is from this judgment that Hamilton appeals.

## II.    R.C. 2929.12; Seriousness and Recidivism Factors

**{¶11}** Hamilton argues that the trial court "failed to give 'careful and substantial deliberation to the relevant statutory considerations'" under R.C. 2929.12. Hamilton argues that the trial court failed to properly consider his age. He maintains that given his age of 17 years old, "an adult sentencing of this magnitude does not give what is still a child at the time of the offense a valid opportunity at rehabilitation."

**{¶12}** We review felony sentences in accordance with the standard of review set forth in R.C. 2953.08(G)(2), which provides in relevant part:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand

the matter to the sentencing court for re-sentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

* * *

(b) That the sentence is otherwise contrary to law.

**{¶13}** Therefore, we presume the sentence imposed by the trial court is correct absent evidence that it is clearly and convincingly contrary to law. *State v. Sherman*, 8th Dist. Cuyahoga No. 97840, 2012-Ohio-3958, ¶ 14.

**{¶14}** A sentencing court must consider the principles and purposes of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38. But the court is not required to make any findings under these sections. *State v. Cade*, 2d Dist. Clark No. 2012-CA-72, 2013-Ohio-5162, ¶ 8. On review, appellate courts can presume from a silent record that the trial court considered principles and purposes of sentencing in R.C. 2929.11 and the relevant statutory factors under R.C. 2929.12. *Id.*; *see also State v. Esner*, 8th Dist. Cuyahoga No. 90740, 2008-Ohio-6654, ¶ 10, quoting *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18, fn. 4 ("Although the trial court's consideration of these factors is mandatory, proof of that consideration is not — 'where the trial court does not put on the record its consideration of R.C. 2929.11 and 2929.12, it is presumed that the trial court gave proper consideration of those statutes.'").

**{¶15}** At the sentencing hearing, the trial court heard from Hamilton's defense counsel first. Defense counsel informed the court that Hamilton did not have a great

role model in his father because Hamilton's father had been in prison for most of Hamilton's young life; Hamilton's father was incarcerated at the time of the sentencing hearing. Defense counsel indicated that Hamilton's caregiver was his grandmother, but Hamilton missed having a male role model in his life. Defense counsel asked the court to give Hamilton a sentence of five years because he believed that Hamilton was redeemable.

{¶16} Hamilton told the court that he wanted to apologize and express his remorse. Hamilton stated that his friend is the one who got shot in the riot. Hamilton explained that he did not shoot his friend, but that he was part of the riot. Hamilton further stated that when he shot his gun, "all [he] did was actually shoot back." Hamilton explained to the court that he committed the burglaries to help his grandmother pay the bills and to support his drug habit. Hamilton said that he has had a hard life; he had not lived with his mother in three or four years, and had not seen her in over a year. He said that he does not have a father figure either because his father has been gone since he was seven years old. Hamilton also said that it was hard growing up in his neighborhood too. On the day the riot broke out, Hamilton told the court that he was on his way to "community service," and he got caught up in the riot. He explained that he was just "backing up [his] friend."

{¶17} Hamilton's grandmother also spoke to the court on Hamilton's behalf. She said that Hamilton was a good kid who got mixed up with the "wrong people at the wrong time." She asked the court to give Hamilton "another chance."

**{¶18}** The state spoke to the court. The state indicated that although Hamilton said that he did not shoot his friend, there was a witness who said that Hamilton is the one who fired the gun. There was also gunshot residue on Hamilton's hands.

**{¶19}** The state's witness then spoke to the court. He stated that he saw Hamilton shoot the victim, and then saw Hamilton "go over a fence" when the police arrived. The witness said that he held the victim until the police came.

**{¶20}** The trial court said that in sentencing Hamilton, it considered the purposes and principles of felony sentencing under R.C. 2929.11, as well as the seriousness and recidivism factors of R.C. 2929.12. The trial court noted that according to the presentence investigation report, Hamilton had a prior history of "criminal convictions" in juvenile court, including a theft in 2011, assault in 2013 and 2014, and disorderly conduct in 2013 and in 2014.

**{¶21}** The trial court stated that it was unfortunate that this was "somewhat of a repeating pattern," of a son facing incarceration, following in his father's footsteps.

**{¶22}** The trial court noted that he was not judging Hamilton's character, stating that he believed Hamilton's grandmother that Hamilton was a good person. But the court explained that Hamilton did some bad things where people got harmed.

**{¶23}** The court reviewed the burglary cases, stating that Hamilton broke into houses and stole television sets, Playstations, clothing, watches, computers, and shoes. The court indicated that it was not going to order restitution because it did not receive any information from the victims or the state regarding restitution. The court told Hamilton

that in addition to the economic harm that he caused the victims, he also violated the victim's feeling of safety and security in their own homes.

{¶24} The court then discussed the felonious assault case. The court stated that it has heard from others that they were not really shooting, but "shooting back." The court told Hamilton that he should not have had a gun at all. The court explained to Hamilton that if he was "shooting back," he was shooting at someone, a person who could get seriously harmed. And the court pointed out that someone, the victim, was shot in this case when Hamilton "shot back."

{¶25} The court found that a prison sentence was necessary to protect the public and not demean the seriousness of the offenses. The court then imposed the sentence for each offense in all of the cases. The court considered the R.C. 2929.14(C)(4) factors. The court noted that the five burglaries took place from March to October 2013, and the felonious assault took place in March 2014. The court found that Hamilton progressed from the burglaries, crimes of property, to felonious assault, physical violence against another person. The court found that these acts "cannot be tolerated and must be appropriately punished to not demean the seriousness of the offense." It found that the felonious assault was part of an escalated course of conduct that resulted in serious physical harm to the victim. The court found that the harm was so great that a single prison term would not adequately reflect the seriousness of Hamilton's conduct.

{¶26} In this case, the trial court was not silent about considering the relevant statutory factors; it explicitly stated that it considered the principles and purposes of

sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. And the trial court noted several factors that it considered, including the need to protect the public from Hamilton because he burglarized five homes and shot someone as part of a riot. The trial court further stated that the victims in this case suffered physical harm (the felonious assault victim), as well as psychological and economic harm (the burglary victims). The trial court considered the fact that Hamilton had an extensive criminal history as a juvenile. And the trial court noted that Hamilton's "justification" for shooting was not reasonable because "shooting back" at someone means that someone could get shot, which someone did in this case.

{¶27} Hamilton's argument, that the trial court failed to consider his age, has no merit. Hamilton's defense counsel argued that Hamilton was young, and that Hamilton had a hard upbringing. While that may be true, the trial court also had to consider the harm suffered by the victims in this case, as well as the fact that Hamilton had an extensive criminal history as a juvenile; this was not Hamilton's "first case" as he claimed. And in the present case, Hamilton was transferred to adult criminal court on a mandatory bindover. Once there, he was considered an adult for sentencing purposes and was subject to the full range of adult penalties. R.C. 2152.02(C)(4); *State v. Walls*, 96 Ohio St.3d 437, 2002-Ohio-5059, 775 N.E.2d 829 (15-year-old who was transferred to adult court was subjected to "criminal prosecution and the full range of adult punishment").

**{¶28}** Accordingly, we conclude that the trial court properly considered the relevant statutory factors under R.C. 2929.11 and 2929.12. Hamilton's sole assignment of error is overruled.

**{¶29}** Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, JUDGE

MARY EILEEN KILBANE, P.J., and
MELODY J. STEWART, J., CONCUR