[Cite as *State v. Ohio*, 2019-Ohio-790.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 107116

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JERMAINE THOMAS

DEFENDANT-APPELLANT

### JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-575711-A

**BEFORE:** Sheehan, J., Boyle, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 7, 2019

**ATTORNEY FOR APPELLANT**

Russell S. Bensing
600 IMG Building
1360 East Ninth Street
Cleveland, OH 44114


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By: Brad Meyer
Kristin M. Karkutt
Assistant County Prosecutors
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH   44113


MICHELLE J. SHEEHAN, J.:

**{¶1}** Jermaine Thomas appeals from a sentence the trial court imposed on his conviction of a rape offense he committed in 1993.   This is the fourth appeal this court has entertained regarding Thomas's sentence.   Upon careful review of the record and applicable law, we conclude his eight-year sentence is not contrary to law and the trial court did not err in imposing postrelease control.   Accordingly, we affirm the judgment of the trial court.

**Procedural History**

**{¶2}** Thomas was indicted in 2013 for rape and kidnapping for an incident in 1993, where he pulled a woman off the street at gunpoint and raped her.   In *State v. Thomas*, 8th Dist. Cuyahoga No. 101202, 2015-Ohio-415 ("*Thomas I*"), this court described the incident as follows:

The victim, A.W., testified that on the evening of June 28, 1993, she left her house on Dickens Avenue in Cleveland to walk to her cousin's house on Manor Avenue, one street over. In the darkness, a man approached her and forced her to walk south on East 97th Street toward Hilgert Drive. The man stayed close behind her holding something into her back that she believed was a gun. They walked up a driveway of a house next to an empty field where the man forced A.W. onto her knees and vaginally raped her.

*Id.* at ¶ 3. After trial, the jury found Thomas guilty of one count of rape and one count of kidnapping.

**1. First Sentencing**

{¶3} Under the sentencing law in effect at the time of his offense, a first-degree felony such as rape and kidnapping was punishable by an indefinite term of a minimum of 5, 6, 7, 8, 9, or 10 years, and a maximum term of 25 years. Under that sentencing law, the trial court sentenced Thomas to an indefinite term of eight years minimum to 25 years maximum for his conviction of rape and kidnapping, to be served concurrently, and an additional three years on the firearm specification, to be served prior to and consecutive to the 8-to-25 years of prison term.

{¶4} On appeal, Thomas argued he should have been sentenced under H.B. 86, the sentencing law in effect at the time of his sentencing in 2014, rather than the law in effect at the time the offenses occurred. Under H.B. 86, a first-degree felony is punishable by a definite term of three, four, five, six, seven, eight, nine, ten, or eleven years. Thomas argued that, because he would be subject to a shorter sentence under H.B. 86, the trial court should have sentenced him under H.B. 86.

{¶5} This court, citing R.C. 1.58(B) (if the penalty for any offense is reduced by an amendment of a statute, the sentence shall be imposed according to the statute as amended), agreed with Thomas and vacated his sentence, remanding the case for resentencing under H.B. 86. *Thomas I.*

**{¶6}** The state appealed this court's decision to the Supreme Court of Ohio. It affirmed this court's decision in *Thomas I*, holding that Thomas was entitled to the benefit of the shorter potential sentences under H.B. 86, the law in effect at the time of his sentencing. *State v. Thomas*, 148 Ohio St.3d 248, 2016-Ohio-5567, 70 N.E.3d 496 ("*Thomas II*").

**2. Second Sentencing**

**{¶7}** After this court decided *Thomas I*, the trial court did not wait until the state's appeal to the Supreme Court of Ohio was resolved to resentence Thomas. On July 20, 2015, while *Thomas I* was still pending at the Supreme Court of Ohio, the trial court resentenced Thomas under H.B. 86 to the maximum 11-year term on his rape and kidnapping convictions (to be served currently), plus the three-year sentence on the firearm specification. The court also imposed five years of postrelease control, required under H.B. 86 for his first-degree felony.

**{¶8}** Thomas appealed from that sentence, claiming the trial court (1) erred in imposing a maximum sentence and, (2) violated his due process right by imposing a harsher sentence after his successful appeal.

**{¶9}** This court did not address these issues because we found the sentence to be void: at the time of resentencing, the state's appeal from *Thomas I* was pending and, consequently, the trial court did not have jurisdiction to resentence Thomas. *State v. Thomas*, 8th Dist. Cuyahoga No. 103406, 2016-Ohio-8326 ("*Thomas III*").

**3. Third Sentencing**

**{¶10}** On March 14, 2017, the trial court held another sentencing hearing and it sentenced Thomas to the same concurrent but maximum 11-year sentences on his rape and kidnapping offenses, plus three years on the firearm specification. The trial court again imposed five years of postrelease control.

**{¶11}** Thomas appealed his sentence again to this court, presenting the same claims as in *Thomas III*: (1) the trial court erred in imposing maximum sentence, and (2) violated his due process right in imposing a harsher sentence upon his successful appeal.

**{¶12}** This court agreed with Thomas, finding the imposition of the maximum sentence created a presumption of vindictiveness. This court explained that the circumstances of this case established a reasonable likelihood that his increased sentence (eleven years as opposed to eight years on the underlying rape and kidnapping conviction) was the product of vindictiveness. This court reasoned that the fact he was not sentenced to a maximum sentence at the original sentencing hearing reflected some mitigating circumstances warranting lesser-than-maximum sentences, and, nothing in the record suggested the existence of any new information available to the trial court on remand warranting a longer sentence. *State v. Thomas*, 8th Dist. Cuyahoga No. 105613, 2017-Ohio-9274 ("*Thomas IV*").

**4. Fourth Sentencing**

**{¶13}** On remand from *Thomas IV*, the trial court held another sentencing hearing on March 19, 2018. Instead of the maximum eleven years, the trial court imposed (concurrent) eight years on Thomas's offenses, plus three years for the firearm specification. The court also imposed five years of postrelease control as before.

**{¶14}** Thomas now appeals from that judgment. On appeal, Thomas raises two assignments of error:

> 1. The trial court erred in imposing a sentence upon Defendant that is contrary to law, and is clearly and convincingly unsupported by the record.
>
> 2. The trial court erred in imposing a period of postrelease control upon Defendant.

**{¶15}** Neither claim has been raised in the prior appeals. In the first assignment of error, he claims his sentence is not supported by the record under the sentencing principles and factors set forth in R.C. 2929.11 and 2929.12.

**R.C. 2929.11 and 2929.12**

**{¶16}** In imposing a sentence for a felony, the trial court is to consider the sentencing principles and factors set forth in R.C. 2929.11 ("Purposes of felony sentencing") and 2929.12 ("Seriousness and recidivism factors").

**{¶17}** The applicable version of R.C. 2929.11 provides that a sentence imposed for a felony shall be guided by the overriding purposes of protecting the public from future crimes by the offender and to punish the offender.[1] It states:

> (A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

**{¶18}** Furthermore, R.C. 2929.11(B) provides that a sentence shall be "reasonably calculated" to achieve these two overriding purposes. R.C. 2929.11(B) states:

> (B) A sentence imposed for a felony shall be reasonably calculated to achieve the
>
> three overriding purposes of felony sentencing set forth in division (A) of this
>
> section, commensurate with and not demeaning to the seriousness of the

---

[1]There are now three overriding purposes set forth in R.C. 2929.11(A). *See* S.B. 66, Section 1, effective October 29, 2018. The third overriding principle is "to promote the effective rehabilitation of the offender."

offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

{¶19} In determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11, the sentencing court must consider the seriousness and recidivism factors enumerated in R.C. 2929.12. *State v. Hamilton*, 8th Dist. Cuyahoga No. 102870, 2016-Ohio-1376, ¶ 14.

{¶20} The seriousness factors are enumerated in R.C. 2929.12(B) and (C), which include factors such as the physical or mental harm suffered by the victim. The recidivism factors are enumerated in R.C. 2929.12 (D) and (E), which include factors such as the defendant's criminal history. R.C. 2929.11 and 2929.12, however, are not fact-finding statutes, and accordingly, the trial court is not required to make any specific findings on the record regarding its consideration of the statutes. *State v. Gay*, 8th Dist. Cuyahoga No. 103641, 2016-Ohio-2946, ¶ 16, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31. Consideration of R.C. 2929.11 and 2929.12 are presumed unless the defendant affirmatively shows the trial court fails to do so. *State v. Jones*, 8th Dist. Cuyahoga No. 99759, 2014-Ohio-29, ¶ 13, citing *State v. Stevens*, 1st Dist. Hamilton No. C-130278, 2013-Ohio-5218, ¶ 12.

{¶21} As for our review, our standard of review is not whether the trial court abused its discretion. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 10. Rather, we apply the standard of review set forth in R.C. 2953.08(G)(2). *Marcum* at ¶ 1. R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, or otherwise modify a sentence, or vacate a sentence and remand the matter to the trial court for resentencing if the appellate court "clearly and convincingly finds" that "the record does not support the sentencing

court's findings mandated under certain statutes" — not pertinent in this case — or that "the sentence is otherwise contrary to law." [2]

{¶22} Under the current law, a sentence is "contrary to law" if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *State v. Morgan*, 8th Dist. Cuyahoga No. 105682, 2018-Ohio-1834, ¶ 14; *State v. Binford*, 8th Dist. Cuyahoga No. 105414, 2018-Ohio-90, ¶ 37, *State v. Price*, 8th Dist. Cuyahoga No. 104341, 2017-Ohio-533, ¶ 14; *State v. Maddox*, 2017-Ohio-8061, 98 N.E.3d 1158, ¶ 31 (8th Dist.); and *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907.

{¶23} At the instant sentencing hearing, Thomas's trial counsel argued for a 6-year sentence for his offense. Counsel pointed out that Thomas, 44 years old at this sentencing, was 19 in 1993 when he committed the crime and, since 1993 he did not have a significant criminal history and that he has been a "model prisoner" since he was incarcerated for the rape conviction, with only minor disciplinary violations. The state sought the maximum term of 11

---

[2]R.C. 2953.08(G)(2) states:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

years, emphasizing the horrendous nature of the rape — the victim was held at gunpoint, removed from the street, taken to a secluded area, and raped. Thomas himself addressed the court, expressing remorse. The court made inquiries about various classes and sex offender programs available to Thomas and learned he had yet to take any because he was working on his GED instead or not eligible for the class yet.

{¶24} The trial court stated it had reviewed the presentence investigation report and the sentencing memorandum submitted by the defense counsel. The trial court also noted it had an opportunity to hear from Thomas's lawyer, who articulated relevant characteristics of Thomas involving other convictions, rehabilitation efforts in prison, and minimal disciplinary infractions in prison, as well as his age at conviction and sentencing versus his age when the rape and kidnapping occurred. All of these factors about Thomas were in the record for the trial court's consideration and/or discussed at the sentencing hearing. "Although a trial court is required to consider the principles and purposes of sentencing and the various favors under R.C. 2929.11 and 2929.12, it need not make specific findings." *State v. Shivers*, 8th Dist. Cuyahoga No. 105621, 2018-Ohio-99, ¶ 5; *State v. Osborn*, 8th Dist. Cuyahoga No. 105196, 2017-Ohio-8228, ¶ 28. The trial court also stated the following before it imposing concurrent eight years on Thomas's rape and kidnapping offenses:

> I find that your conduct was most serious and that the seriousness of your conduct outweighs any minimum sentence in this particular case.
>
> As you indicated, it's horrible what you did. And that is horrible. And I don't know how much more horrible it gets. This was a random crime of violence that you committed toward the victim in this case. Someone who was not related to you who was walking down the street. And not only did you grab her and pull her from the street but you did it at gunpoint and then you raped her. So I don't know how much more violent it gets than that.

So I find that a minimum sentence is not amenable to you, and I feel like a minimum sentence would demean the seriousness of this offense as well.

{¶25} Although the court did not expressly reference R.C. 2929.11 and 2929.12 at the sentencing hearing, it stated in its journal entry that it considered all required factors of the law, and that it found that "prison is consistent with the purpose of R.C. 2929.11." Under our precedents, these statements alone are sufficient to satisfy the sentencing court's obligations under the law. *Binford*, 8th Dist. Cuyahoga No. 105414, 2018-Ohio-90, at ¶ 39, citing *State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112, ¶ 9.

{¶26} Thomas argues the trial court is required under R.C. 2929.11 to use the minimum sanctions to achieve the purposes of sentencing yet the trial court gave no consideration to the fact that he had no further significant infractions of law since the 1993 rape incident. Thomas makes this argument while acknowledging the following criminal history: in 1992 he was charged with aggravated robbery, which was later dismissed; in 1996, he pleaded guilty to a attempted gross sexual imposition, a misdemeanor; in 2000, he pleaded guilty to a misdemeanor of corruption of a minor and a felony offense of grand theft of a motor vehicle. He was also convicted of a misdemeanor of falsification in 2004 and disorderly conduct in 2011.

{¶27} In order for the sentence not to be "contrary to law," as the term has been currently interpreted, the record only needs to reflect the trial court considered the sentencing principles and factors under R.C. 2929.11 and 2929.12. Neither the statutes nor the case law authority requires the trial court to make or place its findings regarding the seriousness or recidivism factors on the record. Our review of the record reflects the trial court considered the two statutes, placing great weight on the seriousness of Thomas's conduct. Just because the trial court did not agree with Thomas's arguments for a less severe sentence does not mean the trial

court did not consider all the relevant factors.    R.C. 2953.08 does not require more.    Therefore, Thomas's eight-year prison sentence is not "contrary to law."[3]    The first assignment of error lacks merit.

**Postrelease Control**

{¶28} Under the second assignment of error, Thomas argues the imposition of postrelease control violated the Ex Post Facto Clause.    Because this was not raised in the trial court at any of the prior sentencing hearings, he asks this court to find plain error.

{¶29} The Ex Post Facto Clause of the federal constitution has been interpreted to forbid any statute that makes more burdensome the punishment for a crime after its commission. *Beazell v. Ohio*, 269 U.S. 167, 169 (1925).

{¶30} Postrelease control did not exist until 1996, when S.B. 2 was enacted.    Before S.B. 2, a defendant who committed a first-degree felony (such as Thomas) or a second-degree felony would be sentenced to an indefinite sentence, with a minimum sentence of five, six, seven, seven, eight, nine, or ten years, and a maximum of 25 years.    The parole authority had discretion to determine when the defendant would be released from prison and the terms of postrelease supervision, called "parole" then. *State v. Harrison Jackson*,    8th Dist. Cuyahoga No. 100877, 2014-Ohio-5137, ¶ 40, *discretionary appeal not allowed,* 142 Ohio St.3d 1465, 2015-Ohio-1896.

{¶31} S.B. 2 drastically changed the sentencing landscape.    One of the goals of S.B. 2 was "truth in sentencing," which was primarily achieved by eliminating indefinite sentences and

---

[3]Thomas cites this court's decision in *State v. Jones*, 2018-Ohio-498, 105 N.E.3d 702 (8th Dist.), for the proposition that pursuant to *Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002,    59 N.E.3d 1231, the appellate court's scope of review also includes reviewing the record to determine if the record supports the trial court's findings under R.C. 2929.11 and 2929.12.    We note, however, that *Jones* has been accepted by the Supreme Court of Ohio for review and held for *State v. Gwynne*, 5th Dist. Delaware No. 16 CAA 12 0056, 2017-Ohio-7570.    *State v. Jones*, 153 Ohio St.3d 1474, 2018-Ohio-3637, 106 N.E.3d 1260. As such, we continue to follow the standard of review prior to the *Jones* decision.    In any event, the record before us amply supports the trial court's sentence.

eliminating parole.   Instead of parole, the legislature enacted the concept of postrelease control, governed by R.C. 2967.28.   *See generally Woods v. Telb*, 89 Ohio St.3d 504, 508, 2000-Ohio-171, 733 N.E.2d 1103.

**{¶32}** Under R.C. 2967.28, postrelease control is mandatory for first-degree felonies, second-degree felonies, and felony sex offenses, R.C. 2967.28(B).   A defendant such as Thomas who was convicted of a first-degree felony would be subject to mandatory five years of postrelease control.   R.C. 2967.28(B)(1).

**{¶33}** In *Harrison Jackson*, 8th Dist. Cuyahoga No. 100877, 2014-Ohio-5137, the defendant made the same claim that the trial court should not have imposed postrelease control on him because he committed the rape offense before S.B. 2.

**{¶34}** This court in *Harrison Jackson* noted that subsequent to S.B. 2, another sentencing reform bill, H.B. 86, was enacted in 2011.   This court determined the postrelease control provision in R.C. 2967.28 remains intact under H.B. 86.   Because H.B. 86 governed defendant Jackson's sentence, his sentence should include postrelease control.   *Harrison Jackson* at ¶ 42-43.   *See also State v. Bell*, 8th Dist. Cuyahoga No. 102141, 2015-Ohio-4178, ¶ 65, citing *Harrison Jackson*.   In accordance with *Harrison Jackson* and *Bell*, the trial court properly imposed postrelease control on Thomas, who was sentenced under H.B. 86.

**{¶35}** We recognize that the defendant's claim in *Harrison Jackson* was based on a claim that the trial court "lacked authority" to impose postrelease control while Thomas predicates his contention on the Ex Post Facto Clause.    Thomas's contention that he was subjected to greater punishment than he was at the time of his offense is equally unavailing.

**{¶36}** At the time of his offense, a defendant convicted of rape was subject to an indefinite term of a minimum of five to ten years and a maximum of 25 years and such a

defendant was to be supervised by the parole board for up to 25 years after serving his prison term.   Under the pre-S.B. 2 law, Thomas was originally sentenced to a minimum of eight years and a maximum of 25 years.   Therefore, Thomas's Ex Post Facto Clause claim disregards the fact that under a pre-S.B. 2 sentence, after his release from prison he would be under parole supervision for up to 25 years.   With his new sentence under H.B. 86, after he serves 11 years (eight years plus three years on the gun specification), he will be subject to only five years of postrelease control.   Therefore, the Ex Post Facto argument lacks merit.

{¶37} To support his claim, Thomas cites a single authority, *State v. Derek Jackson*, 8th Dist. Cuyahoga No. 105228, 2017-Ohio-4191, for the proposition that an imposition of postrelease control for a crime committed before S.B. 2 violates the Ex Post Facto Clause. *Derek Jackson* is factually distinguishable and not applicable here.

{¶38} In *Derek Jackson*, the defendant committed sexual battery in 1995, before the enactment of S.B. 2.   At the time of Jackson's offense, sexual battery, a third-degree felony, was punishable under the pre-S.B.2 law by one, one- and-a-half, or two years of prison time and such a defendant would not be subject to parole.   Derek Jackson was sentenced by the trial court in 2016 to a sentence of one and one-half years under the pre-S.B. 2 sentencing law.[4]   The trial court, however, also imposed five years of postrelease control, a penalty required under H.B. 86 but nonexistent under the pre-S.B. 2 sentencing law.

{¶39} On appeal, Derek Jackson claimed the trial court erred in imposing postrelease control in violation of the Ex Post Facto Clause.   The state conceded the error, agreeing that the trial court imposed a greater punishment than the defendant would have been subject to at the

---

[4]Under S.B. 2, a third-degree felony such as sexual battery would be punishable by a prison sentence of one to five years, in yearly increments. With the enactment of H.B. 86, the penalty for such an offense is decreased and punishable in monthly increments of 9, 12, 18, 24, 30, or 36 months.   R.C. 2929.14(A)(3)(b).

time of his offense. Based on the state's concession, this court vacated Jackson's postrelease control.

{¶40} *Derek Jackson* is distinguishable. Postrelease controls became applicable to Jackson's third-degree sexual battery offense after the enactment of S.B.2 in 1996. However, Jackson was sentenced in 2016 under pre-S.B. 2 law, which did not subject an offender like him to any further postrelease supervision (parole) after the completion of the prison term. Therefore, the imposition of postrelease control was a violation of the Ex Post Facto Clause.

{¶41} In the instant case, however, Thomas was sentenced under H.B. 86, which includes mandatory five years of postrelease control for a first-degree felony. And, as we have explained above, the five years of postrelease control does not constitute greater punishment than he would have received under the pre-S.B. 2 sentencing law. *Derek Jackson* is not applicable to this case.

{¶42} Accordingly, we find no error, plain or otherwise, in the trial court's imposition of five years of postrelease control on Thomas. The second assignment of error is overruled.

{¶43} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

MARY J. BOYLE, P.J., and
EILEEN A. GALLAGHER, J., CONCUR