[Cite as *State v. Hair*, 2019-Ohio-3572.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                          No. 107964

    v.                           :

LEONARD HAIR, II,                       :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, VACATED IN
                  PART, AND REMANDED
**RELEASED AND JOURNALIZED:** September 5, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-628933-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Jillian J. Piteo, Assistant Prosecuting
Attorney, *for appellee.*

Brion P. Stenger, *for appellant.*

RAYMOND C. HEADEN, J.:

## I.    Procedural History and Factual Background

{¶ 1} Appellant Leonard Hair, II ("Hair"), appeals the trial court's judgment, entered after guilty pleas, sentencing him to 39 years' incarceration. Hair

contends (1) the trial court erred in imposing sentences on Count 19's specifications; (2) the trial court abused its discretion when it imposed consecutive sentences; (3) the trial court erred by not giving sufficient weight to the mitigating factors under R.C. 2929.12(C); and (4) the trial court erred by not giving sufficient weight to the mitigating factors under R.C. 2929.12(E). For the reasons that follow, we affirm in part, vacate in part, and remand.

{¶ 2} On May 31, 2018, Hair was indicted on 24 counts including charges of aggravated robbery, in violation of R.C. 2911.01(A)(1), and aggravated burglary, in violation of R.C. 2911.11(A)(1) and (A)(2). On June 5, 2018, Hair pleaded not guilty to the offenses, and the case proceeded to trial on October 10, 2018.

{¶ 3} Prior to trial, Hair accepted a plea agreement and withdrew his previously entered not guilty pleas. Hair pleaded guilty to aggravated robbery on Counts 1, 4, 15, and 20 in violation of R.C. 2911.01(A)(1). Counts 1, 4, 15, and 20 each carried one- and three-year firearm specifications, a notice of prior conviction specification, and a repeat violent offender ("RVO") specification. Hair also pleaded guilty to an amended Count 19, aggravated burglary, in violation of R.C. 2911.11(A)(2). In the plea agreement, the parties agreed to dismiss the one- and three-year firearm specifications and notice of prior conviction specification on Count 19. Hair argues Count 19's RVO specification was also dismissed in the plea agreement but the state disagrees.

**{¶ 4}** In exchange for Hair's guilty pleas, the state nolled Counts 2, 3, 5–14, 16–18, and 21–24. The court accepted Hair's pleas and found him guilty. Hair was subsequently sentenced on November 8, 2018.

**{¶ 5}** Hair now appeals, raising four assignments of error for our review.

## II. Law and Analysis

### A. Imposing a Sentence on Count 19's RVO Specification

**{¶ 6}** Hair argues the trial court erred when it sentenced him to three years on a firearm specification and to ten years on a RVO specification under Count 19 because the plea agreement dismissed these specifications. Hair asks this court to find his sentence on the Count 19 specifications void. The state concedes Count 19's firearm specifications should have been dismissed but argues the RVO specification was to remain and, as a result, this matter should be remanded to the trial court.[1] We find Hair's guilty plea to Count 19 was not knowingly, intelligently, and voluntarily entered and, therefore, was invalid because it did not comply with Crim.R. 11.

**{¶ 7}** The purpose of Crim.R. 11(C) is to provide the defendant with relevant information so that he can make a voluntary and intelligent decision whether to plead guilty. *State v. Ballard*, 66 Ohio St.2d 473, 480, 423 N.E.2d 115 (1981). In determining whether a guilty plea was entered knowingly, intelligently, and voluntarily, an appellate court analyzes the totality of the circumstances through a

---

[1] The state stated during oral argument that a remand would not alter Hair's 39-year sentence and the trial court simply needs to clarify the record showing Count 19's firearm specifications were dismissed.

de novo review of the record. *State v. Spock*, 8th Dist. Cuyahoga No. 99950, 2014-Ohio-606, ¶ 7. The appellate court evaluates whether the trial court fulfilled the duties of Crim.R. 11(C)(2) to inform the defendant of the constitutional and nonconstitutional rights he waives when he enters a guilty plea.

{¶ 8} A trial court must strictly comply with the Crim.R. 11(C)(2)(c) requirements that relate to the waiver of constitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18. Before accepting a guilty plea, the trial court must advise the defendant that his plea waives these constitutional rights: (1) the right to a jury trial, (2) the right to confront one's accusers, (3) the right to compulsory process to obtain witnesses, (4) the right to require the state to prove guilt beyond a reasonable doubt, and (5) the privilege against compulsory self-incrimination. *Id.* at ¶ 31.

{¶ 9} With respect to the nonconstitutional requirements of Crim.R. 11, set forth in Crim.R. 11(C)(2)(a) and (b), trial courts must show only substantial compliance with the rule. *State v. Hill*, 8th Dist. Cuyahoga No. 106542, 2018-Ohio-4327, ¶ 8. "'Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving.'" *Id.*, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990); *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977). Even where a trial court errs in attempting to comply with Crim.R. 11(C)(2)(a), substantial compliance occurs if it appears from the record, despite the trial court's

error, that the defendant understood the effect of his plea and the waiver of his rights. *State v. Tutt*, 2015-Ohio-5145, 54 N.E.3d 619, ¶ 15 (8th Dist.).

{¶ 10} In evaluating substantial compliance with the nonconstitutional requirements of Crim.R. 11(C)(2)(a), the reviewing court determines whether the trial court "partially complied" or "completely failed" to comply with the requirement. *Id.* at ¶ 16. Where partial compliance occurs, the plea may be vacated if the defendant shows a prejudicial effect. *Id.* A defendant establishes prejudice where he shows he would not have entered into the plea if the trial court had substantially complied with the requirements of Crim.R. 11(C). *State v. Moore*, 8th Dist. Cuyahoga No. 105240, 2017-Ohio-8483, ¶ 17. Where the trial court completely failed to comply, no analysis of prejudice is required, and the plea will be vacated. *Tutt* at ¶ 16.

{¶ 11} In the instant case, Hair does not bring into question the trial court's notification of his constitutional rights. Hair argues the trial court failed to substantially comply with his nonconstitutional rights when it made conflicting statements about the nature of the charges under amended Count 19. Therefore, the issue of whether Hair knowingly, intelligently, and voluntarily made his plea relates only to his nonconstitutional rights.

{¶ 12} Just prior to voir dire, the parties reached a plea agreement. During the court's discussion with Hair regarding the plea agreement and the charged offenses, the court initially indicated that the three-year firearm specifications would apply to Count 19, aggravated burglary. (Tr. 40-41.) Defense counsel

corrected the court and stated that specifications did not apply to Count 19 under the plea agreement:

> [Defense Counsel]: I apologize, Judge. The burglary does not have the specifications. Just the four robberies.
>
> Court: I'm sorry. If I mentioned Count 19 has the specs, then I apologize. I was wrong. Actually, it does have — wait a minute. Count 19 does have them.
>
> [Defense Counsel]: Not as part of the plea.

(Tr. 41.)

{¶ 13} The state then clarified that the firearm specifications were to be dismissed, but the RVO specification would remain: "Right. I'm sorry if I didn't outline that properly, Your Honor. We are dismissing — we're asking the Court to dismiss the specs on that charge and asking the RVO remain." (Tr. 41.) The court immediately summarized the plea agreement under Count 19 by stating: "Then I misspoke, Mr. Hair. For Count 19, if you plead guilty, you would be admitting to aggravated burglary, an F1 with no specs, no notice of prior conviction, and no RVO. [Prosecutor]?" (Tr. 41.) The prosecutor acknowledged the court had correctly described the plea agreement under Count 19 even though the trial judge's statement did not accurately reflect prosecutor's comment. The prosecutor stated the plea agreement included Count 19 with no specifications, but the RVO specification remained; the judge stated the RVO specification was not included under Count 19.

{¶ 14} During that same hearing, the court accepted Hair's guilty plea on Count 19:

> Court: Finally, Mr. Hair, how do you plead to Count 19 as amended, aggravated burglary, a Felony 1 without any specs?
>
> The Defendant: Guilty.

(Tr. 49.) The trial court's journalized entry of the plea agreement states Hair entered a plea of guilty to Counts 1, 4, 15, 19, and 20. In regards to Count 19, the journal entry reads:

> On recommendation of prosecutor, [C]ount(s) 19 of indictment is/are amended by deletion of firearm specification(s) — 1 year (2941.141), firearm specification(s) — 3 years (2941.145), notice of prior conviction specification(s), repeat violent offender specification(s) 2941.149.

{¶ 15} Despite Hair's guilty plea to an amended Count 19 and the journal entry documenting a guilty plea to amended Count 19, without specifications, the court sentenced Hair on Count 19 and its attendant specifications as follows:

> On Count 19, Mr. Hair, you're ordered to serve 11 years on the aggravated robbery in the Broadway/Slavic Village neighborhood. You're ordered to serve 3 years on the merged specs and you're ordered to serve 10 years on the repeat violent offender spec for that count.

(Tr. 89.) The sentencing hearing's corresponding judgment entry states Hair pleaded guilty to aggravated burglary under R.C. 2911.11(A)(2) as charged in Count 19 of the indictment. The sentencing journal entry does not reference "amended Count 19" but simply "Count 19."

{¶ 16} The sentencing journal entry states Hair was sentenced to three years on Count 19's firearm specifications even though the plea agreement dismissed

these specifications. Although the inclusion of Count 19's firearm specifications does not result in more prison time, the journal entry is incorrect on this issue.[2]

{¶ 17} The sentencing journal entry includes a sentence on Count 19's RVO specification; Hair argues he did not plead to this specification. Also, at the sentencing hearing, the court ordered ten years for Count 19's RVO specification. The sentencing journal entry twice references Count 19's RVO specification sentence and assigns two different timeframes — nine years and ten years.

{¶ 18} The initial inquiry is whether Hair's guilty plea on Count 19 was provided knowingly, intelligently, and voluntarily. We look to the case of *State v. Cammon*, 8th Dist. Cuyahoga No. 105124, 2017-Ohio-5587, where the trial court informed Cammon at the plea hearing that the potential maximum prison terms for the charged offenses were (1) 36 months for having weapons while under a disability, and (2) 6 to 12 months for a fifth-degree felony of drug possession. Immediately after that advisement, the trial court stated that because the sentences for the two offenses could be served consecutively, the maximum prison term could be 30 months. Cammon acknowledged he understood the potential maximum prison term was 30 months. One month later, the trial court sentenced Cammon to 36 months. We found the *Cammon* court failed to substantially comply with

---

[2] At the sentencing hearing, the trial court found the one- and three-year firearm specifications on each count merged into three-year firearm specifications under each count. Count 15's firearm specification is to be served first, followed by Count 20's firearm specification, and then Counts 1, 4, and 19's firearm specifications. Counts 1, 4, and 19's firearm specifications are to be served concurrently to one another and consecutive to the other firearm specifications, resulting in a nine-year sentence on all firearm specifications.

Crim.R. 11(C)(2)(a) because the advisements at the plea hearing and the subsequent sentence of 36 months were inconsistent.

{¶ 19} In the case sub judice, the trial court did not substantially comply with Crim.R. 11(C)(2)(a). The trial judge, defense counsel, and prosecutor made inconsistent statements about which specifications on Count 19 would be dismissed under the plea agreement. The trial judge demonstrated partial compliance — rather than complete failure of compliance — with the nonconstitutional requirements when, during the plea hearing, he sought to clarify the charges on Count 19. However, Hair was prejudiced by the partial compliance. We cannot state Hair would have pleaded guilty to Count 19 had he known he could be subjected to a longer term than what was stated during his plea hearing.

{¶ 20} Hair's first assignment of error is sustained. Hair's plea on Count 19 is vacated; his conviction on Count 19 is reversed; and his remaining convictions are affirmed.

## B. Consecutive Sentences

{¶ 21} Hair argues the trial court erred when it imposed consecutive sentences totaling 39 years on a 32-year-old man.[3] The state asserts the record

---

[3] Because we sustained Hair's first assignment of error, vacated his guilty plea on amended Count 19, and remanded that count to the trial court for further proceedings, Hair's sentence of 39 years may be reduced upon remand.

supports the trial court's sentence that was in compliance with all relevant law. We agree with the state.[4]

{¶ 22} Hair argues the imposition of consecutive sentences was an abuse of discretion. Hair incorrectly relies on the abuse of discretion standard identified in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. This court now follows the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16, 21.

{¶ 23} Pursuant to R.C. 2953.08(G)(2), an appellate court may vacate or modify the imposition of consecutive sentences if the court determines by clear and convincing evidence that the record does not support the trial court's findings under R.C. 2929.14(C)(4) or that the sentence is otherwise contrary to law. *State v. Nelson*, 8th Dist. Cuyahoga No. 106858, 2019-Ohio-530, ¶ 8. A sentence is "contrary to law" if the sentence is outside the statutory range for the particular degree of offense or the trial court does not consider the purposes and principles of felony sentencing and the seriousness and recidivism factors set forth in R.C. 2929.11 and 2929.12, respectively. *State v. Thomas*, 8th Dist. Cuyahoga No. 107116, 2019-Ohio-790, ¶ 22. Moreover, "[a]ppellate courts are to afford deference to a trial court's broad

---

[4] Our decision regarding Hair's second, third, and fourth assignments of error is not impacted by our decision above sustaining the first assignment of error. Where the sentencing on one count in a case is reversed on appeal but the remaining counts are affirmed, "the panel hearing the direct appeal must resolve the arguments made regarding the counts that are unaffected by any reversal, including the manner in which the unaffected sentences are to be served." *State v. Grayson*, 8th Dist. Cuyahoga No. 106578, 2019-Ohio-864, ¶ 22; *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 8.

discretion in making sentencing decisions." *State v. Shivers*, 8th Dist. Cuyahoga No. 105621, 2018-Ohio-99, ¶ 9, citing *State v. Rahab*, 150 Ohio St.3d 152, 2017-Ohio-1401, 80 N.E.3d 431, ¶ 10.

{¶ 24} The imposition of consecutive sentences is governed by R.C. 2929.14(C)(4):

> R.C. 2929.14(C)(4) provides that in order to impose consecutive sentences, the trial court must find that consecutive sentences are (1) necessary to protect the public from future crime or to punish the offender, (2) that such sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public, and (3) that one of the following applies:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Nelson* at ¶ 9.

{¶ 25} To comply with the above requirements of R.C. 2929.14(C)(4), the trial court must state during the sentencing hearing that it (1) engaged in the analysis, (2) considered the statutory criteria, and (3) identified the basis for its decision. *Nelson* at ¶ 10. The trial court's statutory findings should also be

incorporated into the sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29. While the reviewing court must be able to discern from the record and sentencing entry evidence that supports the imposition of consecutive sentences, the trial court need not provide a word-for-word recitation of the statute. *Nelson* at ¶ 10.

{¶ 26} In the instant matter, the court stated during the sentencing hearing that the imposition of consecutive sentences was necessary to protect the public from future crime and to punish the offender, and that the sentences were not disproportionate to the seriousness of the conduct and the danger Hair poses to the public. The trial court also found all three of the factors identified in R.C. 2929.14(C)(4)(a)-(c) applied:

> Now, I've imposed consecutive sentences here because I find that they are necessary to protect the public from future crime and to, Mr. Hair, adequately punish you for these crimes. I also find that consecutive sentences are not disproportionate to the seriousness of your conduct and to the danger that you pose the public. That danger was well described here this morning and it is evidenced also by the fact that, as I mentioned earlier, you had essentially just gotten out of prison and committed these crimes.
>
> I also find that you committed one or more of these offenses while under post-release control. And I also find that these crimes were committed as part of one or more courses of conduct and the harm caused by two or more of them was so great or unusual that no single prison term for any of the offenses committed as part of the courses of conduct adequately reflects the seriousness of your conduct.
>
> And finally, I have no doubt that your history of criminal conduct, especially over this roughly four-month, maybe five-month period demonstrates that consecutive sentences are necessary to protect the public from future crime.

(Tr. 90-91.)

{¶ 27} In addition to making the appropriate consecutive sentence findings during the sentencing hearing, the trial court incorporated the findings in the sentencing journal entry as required by *Bonnell*.

{¶ 28} Hair argues the trial court abused its discretion because it imposed a consecutive sentence on a 32-year-old defendant. In other words, Hair seeks a determination that the trial court erred when it gave greater weight to the nature of the offenses and the impact on the victims rather than Hair's age. The trial court expressly considered Hair's age and, as a result, did not impose the maximum sentence of 120 years, which would be the equivalent of a life sentence. (Tr. 91.) The trial judge acknowledged this was not a capital case and he felt a life sentence should be reserved under those limited circumstances. The trial court acted within its discretion when it weighed the competing sentencing factors and placed more weight on Hair's conduct, victim impact, and the threat Hair posed to society rather than his age. *State v. Warner*, 8th Dist. Cuyahoga No. 100197, 2014-Ohio-1519, ¶ 11. It is not contrary to law for the trial court to place more weight on select factors; Hair simply did not agree with the trial court's conclusion.

{¶ 29} Nothing in the record clearly and convincingly demonstrates Hair's sentence was against the trial court's findings under R.C. 2929.14(C)(4). For all the foregoing reasons, Hair's second assignment of error is overruled.

## C. Mitigating Factors under R.C. 2929.12

{¶ 30} Hair argues the court did not give sufficient weight to the factors under R.C. 2929.12(C) and (E) when it determined his sentence. Specifically, Hair argues the court did not give sufficient weight to (1) his drug addiction and the fact that he was "feeding his drug habit" at the time the offenses were committed, and (2) his remorsefulness. The state argues the trial court considered the relevant mitigating factors and Hair's third and fourth assignments of error are without merit. For the convenience of the court, we will address Hair's third and fourth assignments of error together.

{¶ 31} In regards to Hair's third and fourth assignments of error, the relevant issue is whether Hair's sentence was contrary to law or, specifically, did the trial court fail to consider R.C. 2929.12's sentencing factors. *Thomas*, 8th Dist. Cuyahoga No. 107116, 2019-Ohio-790, at ¶ 22.

{¶ 32} When imposing a sentence on a felony offense, the trial court must consider the seriousness and recidivism factors set forth in R.C. 2929.12. Because R.C. 2929.12 is not a fact-finding statute, the trial court is not required to make any specific findings on the record stating its consideration of the statute. *Id.* at ¶ 20. It is presumed that the trial court considered R.C. 2929.12 unless the defendant affirmatively demonstrates the court's failure to do so. *Id.*

{¶ 33} At Hair's sentencing hearing, defense counsel argued Hair admitted his guilt to the probation department and was genuinely remorseful for his actions. Defense counsel argued Hair's longstanding drug problem contributed to his

criminal acts and he is a different person now that he is no longer under the influence of drugs. Hair provided the following apology:

> THE DEFENDANT: I'm sorry, mom. You raised me better than this. I would like to apologize to my victims. I never meant to cause harm and the pain and suffering that I have. But like he said, it's no excuse, but I had a bad drug habit that I was attempting to provide for. At the same time it's — I'm sorry. I'm sorry, Your Honor. Man.
>
> THE COURT: Anything else, sir?
>
> THE DEFENDANT: I just want you to know I'm not that person at all. I mean, I [did] bad in the past, but since I've been home I done had — I've had three jobs. Lost all of them due to drug activity. Man. But — I'm sorry.

(Tr. 86.)

{¶ 34} Hair was charged with four separate incidents — three robberies and one burglary. The state summarized the offenses that Hair committed against four elderly victims and described how the victims' lives were adversely impacted. One victim's prepared written statement was read at the hearing. One victim and the mother of another victim testified to the offenses against them and the long-term impact the experiences had on their lives.

{¶ 35} The trial court took into account all testimony and statements made during the sentencing hearing as well as the presentence-investigation report and sentencing memorandum. The court offered the following statement:

> The Court: * * * Mr. Shaughnessy, Mr. Hair is not being sentenced as the reasonable person he presents as here today. He's being sentenced for the things that he did that were described simply but eloquently by the victims of his crimes here this morning.

> As to the notion that drugs are in some way to blame, I'm not going to necessarily take issue with that other than to say that I imagine that not only I, you, the prosecutor, and everyone else who spoke here today has people we know who are drug or alcohol addicted who don't do these things, who don't take a gun on repeated occasions and rob people who have no reason to expect that it's going to happen.

(Tr. 87.) Additionally, the trial court stated it considered the provisions of Chapter 2929 of the Ohio Revised Code. The sentencing journal entry indicates the court considered all required factors of the law. These statements alone are sufficient to satisfy the trial court's sentencing obligations regarding R.C. 2929.12. *Thomas*, 8th Dist. Cuyahoga No. 107116, 2019-Ohio-790, at ¶ 25.

{¶ 36} Our review of the record shows the trial court considered Hair's drug addiction and remorsefulness, but discounted these in lieu of other sentencing factors.

{¶ 37} Based upon the foregoing, we find that the trial court considered all of the relevant statutory factors, and Hair has not demonstrated "by clear and convincing evidence that the record did not support the sentence." *Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, at ¶ 23. Hair's sentence was not contrary to law, and accordingly, Hair's third and fourth assignments of error are overruled.

{¶ 38} Judgment affirmed in part, vacated in part, and remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for proceedings consistent with this opinion.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
RAYMOND C. HEADEN, JUDGE

PATRICIA ANN BLACKMON, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR