[Cite as *State v. Whitaker*, 2019-Ohio-2823.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | Nos. 107584 and 107967 |
| v. | : | |
| JU'VONTAY WHITAKER, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** July 11, 2019

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-17-615971-A and CR-17-618295-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Christine M. Vacha, Assistant Prosecuting Attorney, *for appellee.*

Allison S. Breneman, *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Ju'Vontay Whitaker appeals from his sentence of seven years in prison by the trial court for his conviction of robbery and attempted felonious assault. Upon review of the record, we find his appeal to be meritorious. The record reflects that, in sentencing Whitaker to consecutive maximum terms for his

convictions of two third-degree felony offenses, the trial court explicitly relied on Whitaker's "prior convictions," when he had none. As such, we are constrained to find that Whitaker's sentence is not supported by the record and remand the matter to the trial court for resentencing.

**Procedural Background**

{¶ 2} Whitaker appeals from his sentence in two separate cases. Both cases were transferred from the juvenile court. In Cuyahoga C.P. No. CR-17-615971-A, he was charged with two counts of aggravated robbery, two counts of robbery, and two counts of kidnapping, all accompanied with both one-year and three-year firearm specifications. The charges stemmed from an incident on September 10, 2015, when a clerk at "My Way Deli" was robbed at gunpoint by three suspects. Whitaker was subsequently identified as one of the three suspects, although he stated to the police that he stayed in the car while the others went inside to rob the store. Under a plea agreement, he pleaded guilty to robbery, a third-degree felony, accompanied with a one-year firearm specification.

{¶ 3} In Cuyahoga C.P. No. CR-17-618295-A, Whitaker was charged with aggravated robbery, felonious assault, and kidnapping. The charges stemmed from an incident on April 14, 2016, while he was an eleventh grader at the Learning Center. In a fight after school, he struck a fellow student. When the victim fell to the ground, Whitaker kicked him repeatedly and walked off. Another fellow student then came over and took the victim's phone and belt. Under the plea agreement, Whitaker pleaded guilty to attempted felonious assault, also a third-degree felony.

As part of the plea agreement, Whitaker agreed to consecutive sentences for the two cases.

{¶ 4} Before the sentencing hearing, the court ordered a presentence investigation report for its review. At the sentencing hearing, Whitaker apologized for his conduct. His counsel also pleaded for leniency on his behalf. Counsel reported that Whitaker had no prior record of juvenile delinquency and had not been in trouble with the law until the two instant cases. Counsel also reported that Whitaker finished high school while in the juvenile detention center, where he has been held for nearly 21 months for the instant cases. Whitaker's mother also pleaded for leniency. She stated that her son had not been in trouble until these two cases and that she was told by his teacher in the detention center that he helped tutor the students there.

{¶ 5} In CR-615971, the trial court imposed a maximum prison term of 36 months for robbery, in addition to the one-year term for the gun specification; in CR-618295, the court also imposed a maximum prison term of 36 months for the attempted felonious assault. Whitaker received a total prison term of seven years for his offenses in these two cases. He was given credit for 21 months for time served. On appeal, he presents the following assignment of error for our review:

> The trial court abused its discretion by imposing a prison sentence contrary to R.C. 2929.14 and the purposes and principles of the felony sentencing guidelines.

{¶ 6} Although Whitaker's assignment of error references R.C. 2929.14 ("Basic Prison Terms"), he argued that the trial court failed to properly weigh the

seriousness and recidivism factors set forth in R.C. 2929.12 or consider the purposes and principles of the felony sentencing guidelines in R.C. 2929.11 throughout his assignment of error.

**R.C. 2929.11 and 2929.12**

{¶ 7} In imposing a sentence for a felony, the trial court is to consider the sentencing principles and factors set forth in R.C. 2929.11 ("Purposes of felony sentencing") and 2929.12 ("Seriousness and recidivism factors"). The applicable version of R.C. 2929.11 provides that a sentence imposed for a felony shall be guided by the overriding purposes of protecting the public from future crimes by the offender and to punish the offender.[1] The statute states:

> (A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

{¶ 8} Furthermore, R.C. 2929.11(B) provides that a sentence shall be reasonably calculated to achieve these two overriding purposes. R.C. 2929.11(B) states:

---

[1] There are now three overriding purposes set forth in R.C. 2929.11(A). *See* S.B. 66, Section 1, effective October 29, 2018. The third overriding principle is "to promote the effective rehabilitation of the offender."

(B) A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

{¶ 9} In determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11, the sentencing court is to consider the seriousness and recidivism factors enumerated in R.C. 2929.12. *State v. Hamilton*, 8th Dist. Cuyahoga No. 102870, 2016-Ohio-1376, ¶ 14.

{¶ 10} The seriousness factors are enumerated in R.C. 2929.12(B) and (C) while the recidivism factors are enumerated in R.C. 2929.12(D) and (E). Pertinent to Whitaker's appeal, R.C. 2929.12(E) provides that when considering the "recidivism" factor, the sentencing court should consider whether, *prior to committing the offense*, the offender had been adjudicated a delinquent child, R.C. 2929.12(E)(1), whether the offender had been convicted of or pleaded guilty to a criminal offense, R.C. 2929.12(E)(2), or whether the offender had led a law-abiding life for a significant number of years, R.C. 2929.12(E)(3).[2]

---

[2] R.C. 2929.12(E) states, in pertinent part:
The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
(1) *Prior to committing the offense*, the offender had not been adjudicated a delinquent child.
(2) *Prior to committing the offense*, the offender had not been convicted of or pleaded guilty to a criminal offense.
(3) *Prior to committing the offense*, the offender had led a law-abiding life for a significant number of years.
(Emphasis added.)

{¶ 11} As for our review of felony sentences, as currently interpreted by the courts, a sentence is "contrary to law" if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *State v. Morgan*, 8th Dist. Cuyahoga No. 105682, 2018-Ohio-1834, ¶ 14; *State v. Binford*, 8th Dist. Cuyahoga No. 105414, 2018-Ohio-90, ¶ 37; *State v. Price*, 8th Dist. Cuyahoga No. 104341, 2017-Ohio-533, ¶ 14; *State v. Maddox*, 2017-Ohio-8061, 98 N.E.3d 1158, ¶ 31 (8th Dist.); and *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907.

{¶ 12} When a sentence is not clearly and convincingly contrary to law, an appellate court may vacate or modify the sentence only if the appellate court finds by clear and convincing evidence that the record does not support the sentence. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23. *See also State v. McGowan*, 147 Ohio St.3d 166, 2016-Ohio-2971, 62 N.E.3d 178, ¶ 1 ("R.C. 2953.08(G)(2) allows an appellate court to increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law and/or (2) unsupported by the record"), citing *Marcum*.

Analysis

{¶ 13} Our reading of the sentencing transcript in this case reflects that, before sentencing Whitaker to the maximum 36-month sentence for both of the third-degree felony offenses he pleaded guilty to, the trial court referenced one factor under R.C. 2929.12 — his criminal history. The court mentioned his "three

prior aggravated robberies" and his "extensive prior," and also commented that Whitaker has "a total of six robberies."

{¶ 14} The trial court had apparently misinterpreted the presentence investigation report. The report shows Whitaker was charged in three other cases in addition to the two cases before the court for sentencing. All three cases, however, showed a date of offense several months *after* Whitaker's involvement in the instant cases: May 3, 2016, July 27, 2016, and September 29, 2016, respectively. The May 3, 2016, and July 27, 2016 cases were transferred from the juvenile court on September 2, 2016, and June 6, 2017, respectively, and there was no indication in the presentence investigation report how these cases were disposed. The September 29, 2016 case, which originated in the common pleas court, was dismissed.

{¶ 15} Thus, the trial court was mistaken when it stated that Whitaker had "three prior aggravated robberies." The record did not reflect a conviction in any of the three cases — one case was dismissed while it is unknown how the other two cases were disposed after their transfer to the common pleas court in September 2016 and June 2017, respectively; more importantly, the alleged criminal incidents occurred *subsequent to* the instant cases. In other words, Whitaker had no prior criminal convictions prior to the instant cases. The sentencing transcript shows Whitaker's counsel repeatedly attempted to clarify the court's misunderstanding, but to no avail.

{¶ 16} We are aware that R.C. 2929.11 and 2929.12 are not fact-finding statutes and, accordingly, the trial court is not required to make any specific findings

on the record regarding its consideration of the statutory factors and principles. *State v. Gay*, 8th Dist. Cuyahoga No. 103641, 2016-Ohio-2946, ¶ 16, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31. The trial court here stated in its journal entry: "The court considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11." Ordinarily, a trial court's statement in its sentencing journal entry that it considered the statutory factors is sufficient to fulfill its obligations under R.C. 2929.11 and 2929.12. *See, e.g.*, *State v. Sutton*, 8th Dist. Cuyahoga Nos. 102300 and 102302, 2015-Ohio-4074, ¶ 72. "[C]onsideration of the appropriate factors can be presumed unless the defendant affirmatively shows to the contrary." *State v. Jones*, 8th Dist. Cuyahoga No. 99759, 2014-Ohio-29, ¶ 13, citing *State v. Stevens*, 1st Dist. Hamilton No. C-130278, 2013-Ohio-5218, ¶ 12.

{¶ 17} In other words, we can presume from a silent record that the trial court gave proper consideration of the statutory factors and principles. *See, e.g., State v. Thompson*, 1st Dist. Hamilton Nos. C-140746 and C-140747, 2015-Ohio-2836, ¶ 9; *State v. Smith*, 6th Dist. Sandusky No. S-14-037, 2015-Ohio-1867, ¶ 11.

{¶ 18} The record here, however, is not completely "silent." The sentencing transcript reflects that the trial court expressly noted a single factor in sentencing Whitaker to a maximum 36-month prison term for each of his third-degree felony offenses — his "prior convictions." Yet, the record shows Whitaker did not have any prior convictions at the time of the offenses *or* sentencing. While "[o]rdinarily, appellate courts defer to trial courts' broad discretion in making sentencing

decisions," *State v. Rahab*, 150 Ohio St.3d 152, 2017-Ohio-1401, 80 N.E.3d 431, ¶ 10, the record here indicates the trial court relied exclusively on the defendant's "prior convictions" in its consideration of the sentencing factors when the record shows the defendant had *no* prior criminal convictions at the time of the offenses or at the time of sentencing. The court's apparent misunderstanding of the record rebuts the presumption as guided by R.C. 2953.08(G)(2) that the trial court properly considered the statutory sentencing factors. Therefore, we are constrained to find by clear and convincing evidence that the record does not support the sentence and reverse the sentence and remand the matter for resentencing. *Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, and *McGowan*, 147 Ohio St.3d 166, 2016-Ohio-2971, 62 N.E.3d 178.

{¶ 19} Appellant's sentence is reversed, and the matter is remanded for resentencing.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

EILEEN T. GALLAGHER, P.J., CONCURS (WITH SEPARATE CONCURRING OPINION ATTACHED);
RAYMOND C. HEADEN, J., CONCURS WITH MAJORITY OPINION AND WITH SEPARATE CONCURRING OPINION

EILEEN T. GALLAGHER, J., CONCURRING:

{¶ 20} I concur in full with the majority's decision. I write separately only to state that it is my belief that this case perfectly illustrates the proper application of *Marcum* and its expansion of R.C. 2953.08(G)(2)(a) to felony sentences imposed upon consideration of R.C. 2929.11 and 2929.12. In my view, *Marcum* did not intend to disrupt the well-settled law in the state of Ohio that reviewing courts are not entitled to substitute their judgment for that of the trial court, nor are they entitled to independently weight the sentencing factors set forth under R.C. 2929.11 and 2929.12. It is therefore my position that, following *Marcum*, this court has no basis to reverse a prison sentence imposed within the applicable statutory range for the felony offense unless there is objective information in the record that the trial court (1) failed to consider R.C. 2929.11 and 2929.12 in formulating the sentence, or (2) relied on demonstrably false or inaccurate information when making these considerations. In this case, the trial court relied on information that is

demonstrably inaccurate. Thus, the record clearly and convincingly does not support the trial court's sentence.