[Cite as *State v. Pettigrew*, 2023-Ohio-3877.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                              :

    Plaintiff-Appellee,              :

                                                  No. 112314

    v.                                          :

DA'SHAWN PETTIGREW,                         :

    Defendant-Appellant.             :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 26, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-666710-A

---

## *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Christine M. Vacha, Assistant Prosecuting
Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and
Jonathan Sidney and Erika B. Cunliffe, Assistant Public
Defenders, *for appellant.*

FRANK DANIEL CELEBREZZE, III, J.:

{¶ 1} Defendant-appellant Da'Shawn Pettigrew appeals his sentence, arguing that the trial court failed to consider the principles and purposes of felony

sentencing pursuant to R.C. 2929.11. After a thorough review of the facts and law, we affirm.

## I. Factual and Procedural History

{¶ 2} On February 8, 2022, a Cuyahoga County Grand Jury returned a 12-count indictment charging Pettigrew with eight counts of rape in violation of R.C. 2907.02(A)(1)(b) and four counts of endangering children in violation of R.C. 2919.22(B)(1) between January 31, 2016, and January 30, 2020. Each count of rape included a furthermore clause specifying that Pettigrew purposely compelled the victim, who was under ten years of age at the time of the offense, to submit by force or threat of force as well as sexually violent predator specifications pursuant to R.C. 2941.148(A). Each count of endangering children included a furthermore clause specifying that the violation caused serious physical harm. All charges concerned the same victim, A.H. (d.o.b. 1/31/2010).

{¶ 3} Pettigrew accepted a plea deal, entering a plea of guilty to one amended count of rape in violation of R.C. 2907.02(A)(2) without the sexually violent offender specification, a first-degree felony, and one amended count of sexual battery in violation of R.C. 2907.03(A)(1) without the sexually violent offender specification, a second-degree felony. All other counts were nolled.

{¶ 4} Pettigrew was referred for a presentence investigation and was scheduled for sentencing on August 2, 2022. During the sentencing hearing, Pettigrew, through counsel, made an oral motion to withdraw his guilty plea and requested time to develop arguments in support of such motion. The trial court

briefly probed Pettigrew regarding what changed between his plea and sentencing, and Pettigrew responded, "I don't feel like I did anything wrong * * * I want to be able to go home * * * and I feel like I'll be able to beat this case." (Tr. 45.) The court adjourned, allowing Pettigrew time to file a written motion explaining his basis for withdrawing his plea.

{¶ 5} About a week later, Pettigrew's counsel filed a motion to withdraw Pettigrew's oral motion to withdraw guilty plea and reset for sentencing. The motion detailed that since the hearing, Pettigrew and counsel had numerous meetings and conversations and ultimately, Pettigrew determined that he no longer wanted to withdraw his plea and requested that the court proceed with sentencing as planned. The court granted the motion and set a new sentencing hearing for August 23, 2022.

{¶ 6} At the second sentencing hearing, the prosecutor delivered a statement on behalf of the victim, indicating that Pettigrew "messed up her life" and "has caused her problems that are going to follow her for the rest of her young life." (Tr. 59.) As a result, the victim requested that Pettigrew "get every minute in prison that he can possibly get on this plea[.]" (Tr. 60.) The victim's mother also made a statement, detailing that the victim viewed Pettigrew as family, which amplified the harm that Pettigrew caused.

{¶ 7} As mitigation, Pettigrew's counsel detailed that Pettigrew experienced a difficult upbringing; his mother was addicted to opiates and he was a caretaker to his sick grandmother and younger brother. Pettigrew had no prior criminal history and he was just 17 years old at the time of the earliest charged offense in the

indictment. Pettigrew's counsel detailed that at the time of his sentencing, Pettigrew held a landscaping job and helped to care for his three young daughters. He pointed out that Pettigrew's mother, father, mother-in-law, and previous girlfriend with whom he shares children all came to the sentencing hearing in support of Pettigrew.

{¶ 8} Pettigrew received a sentence of nine years on the rape charge and six years on the sexual battery charge, to be served concurrently for a total prison term of nine years. The court also advised Pettigrew of his registration requirements as a tier III sex offender.

{¶ 9} Pettigrew timely appealed, assigning a single assignment of error for our review.

> The trial court erred in imposing a sentence inconsistent with sentences imposed for similar crimes committed by similar offenders.

## II. Law and Analysis

{¶ 10} On appeal, Pettigrew argues that the trial court acted contrary to law because the trial court's sentence was inconsistent with the portion of R.C. 2929.11(B) that requires that a court's sentence for a felony offense be "consistent with sentences imposed for similar crimes committed by similar offenders," and thus, contrary to law.

{¶ 11} R.C. 2929.11 addresses the purposes of felony sentencing while R.C. 2929.12 addresses the factors that a trial court should take into account when imposing a sentence pursuant to R.C. 2929.11. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 18, 19. Neither of these sections require a trial

court to make any specific factual findings on the record. *Id*. at ¶ 20, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31; *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). The court's consideration of the factors is presumed unless the defendant affirmatively shows otherwise. *State v. Wright*, 2018-Ohio-965, 108 N.E.3d 1109, ¶ 16 (8th Dist.). The "court's statement in its sentencing journal entry that it considered the required statutory factors is alone sufficient to fulfill its obligations under R.C. 2929.11 and 2929.12." *Id.*

{¶ 12} "R.C. 2953.08(G)(2)(a) permits an appellate court to modify or vacate a sentence if it clearly and convincingly finds that 'the record does not support the sentencing court's findings under' certain specified statutory provisions. But R.C. 2929.11 and 2929.12 are not among the statutory provisions listed in R.C. 2953.08(G)(2)(a)." *Jones* at ¶ 28, quoting R.C. 2953.08(G)(2)(a). Therefore, we are only permitted to modify or vacate this sentence pursuant to R.C. 2953.08(G)(2)(b), permitting an appellate court to modify or vacate a sentence if it clearly and convincingly finds that the sentence is 'otherwise contrary to law.'" *Jones* at ¶ 32, quoting R.C. 2953.08(G)(2)(b).

{¶ 13} Clear and convincing evidence "produce[s] in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. "[A] sentence is 'contrary to law' if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the

sentencing factors in R.C. 2929.12." *State v. Whitaker*, 8th Dist. Cuyahoga Nos. 107584 and 107967, 2019-Ohio-2823, ¶ 11.  When considering this, however, we note that the Supreme Court has explicitly instructed that "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Jones* at ¶ 42.

{¶ 14} On appeal, Pettigrew does not argue that his sentence is outside of the statutory range for the particular offenses that he pled guilty to, nor do we, upon review, find that the sentence is outside of the statutory range permitted for the offenses.  Instead, Pettigrew argues that the trial court did not consider the purposes and principles of felony sentencing, particularly the portion of R.C. 2929.11(B) requiring sentences to be "consistent with sentences imposed for similar crimes committed by similar offenders[.]"  Pettigrew argues that if he had been charged closer to when the conduct actually occurred, his case would have been in juvenile court.  He points us to a data set from the Department of Youth Services demonstrating the population and historical data for the subset of youth committed with a sex offense[1] to show that a similar case in juvenile court would typically only require confinement for less than one year.

---

[1]  https://data.ohio.gov/wps/portal/gov/data/view/youth-services-sex-offender-population (accessed August 23, 2023).

{¶ 15} Pettigrew also points to mitigation evidence offered during the sentencing hearing, including his lack of criminal history, the mother of his children finding the allegations shocking and inconsistent with his character, and the state's view that Pettigrew was not a danger to the community.

{¶ 16} The trial court's journal entry indicates that it "considered all required factors of the law" and found that prison was "consistent with the purpose of R.C. 2929.11." Further, during sentencing, the trial court advised:

> THE COURT: Mr. Pettigrew, in imposing the following sentences, I have taken into account everything I do know about you and about this case. That includes, first of all, the presentence report prepared by investigator Kari Jones, dated August 2nd. It includes the things said on the oral record at the change of plea hearing a couple months ago, it includes everything said today by the prosecutor, your lawyer, [the victim's mother], you, and to the extent that the prosecutor told me what [the victim] wanted to say, [the victim] as well.
>
> I'm also considering the sentence laws of Chapter 2929 of the Ohio Revised Code[.]
>
> * * *
>
> THE COURT: Having taken all that into account, having considered that [the victim] was something in the range of six or seven years old, maybe eight, if I'm getting these dates a little bit wrong when these things happened, and having considered, as I said, everything else that I know, you are ordered to serve the following sentences, Mr. Pettigrew[.]

(Tr. 68-69.)

{¶ 17} Based on the trial court's statements and the record before us, we are persuaded that the trial court was aware of Pettigrew's age, the dates of the offenses, and all of the mitigation evidence presented at the sentencing hearing. Further, the

court's statements during the sentencing hearing and in the journal entry affirmatively demonstrate that the court considered the required factors.

{¶ 18} Pursuant to the Supreme Court's guidance concerning appellate review of R.C. 2929.11 and 2929.12 in *Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, at ¶ 18, 19, we cannot say that Pettigrew has clearly and convincingly demonstrated that his sentence was contrary to law. Pettigrew's sentence is within the statutory range permitted for the offenses that he pled guilty to, and the trial court considered the principles and purposes of felony sentencing under R.C. 2929.11. Pettigrew's sole assignment of error is therefore overruled.

### III. Conclusion

{¶ 19} The record before us does not demonstrate that the trial court sentenced Pettigrew outside of the statutory range that is permitted, nor does the record demonstrate that the trial court failed to consider the principles and purposes of felony sentencing under R.C. 2929.11.

{¶ 20} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
FRANK DANIEL CELEBREZZE, III, JUDGE

ANITA LASTER MAYS, A.J., and
MARY J. BOYLE, J., CONCUR